flagman run out from a shanty on the far side of the bridge and wave a flag; that the flagman came forward, stopped his forward movement, and backed the horse off from the bridge, which was at that time being raised for the purpose of permitting a boat to pass through; and that the horse and wagon fell off the edge of the bridge, doing the injuries for which this complaint was entered.

There is a conflict of evidence upon the main facts. The state's witness claims to have seen the claimant's wagon when some 80 feet away from the bridge and to have given warning by the waving of the flag and calling to the driver, in the meantime having signaled the man who operated the bridge to lift the same; but the Board of Claims was not bound to believe this testimony, and it certainly is not entitled to be held to outweigh that of the claimant's witnesses. The case is one which no court would disturb as between private parties, and we see no reason for a different disposition here.

The determination appealed from should be affirmed, with costs. All concur.

---

(158 App. Div. 695.)

### In re PRATT.

(Supreme Court, Appellate Division, First Department. November 7, 1913.)

EXECUTION (§ 420½, New, vol. 10 Key-No. Series) — SPECIAL EXECUTION AGAINST WAGES—ENFORCEMENT.

> Under Code Civ. Proc. § 1391, authorizing the levy of execution against the wages of a judgment debtor and providing that, if the person or corporation, municipal or otherwise, to whom such execution shall be presented shall fail or refuse to pay over to the officer presenting the execution the percentage, of the indebtedness, it shall be liable to an action therefor by the judgment creditor, the judgment creditor cannot compel compliance with the execution by motion but is put to his remedy by action; the statutory remedy being exclusive.

Appeal from Appellate Term, First Department.

Application by George W. Pratt for an order directing the Comptroller of the City of New York to comply with an execution issued on a judgment in favor of applicant against Eugene T. Lenahan. From an order of the Appellate Term reversing an order of the City Court denying a motion to direct the Comptroller to pay, the Comptroller appeals. Order of Appellate Term reversed, and that of the City Court affirmed.

See, also, 156 App. Div. 942, 141 N. Y. Supp. 1143.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Archibald R. Watson, Corp. Counsel, of New York City (William E. C. Mayer, of Brooklyn, of counsel, and Terence Farley, of New York City, on the brief), for appellant.

Mirabeau L. Towns, of New York City, for respondent.

CLARKE, J. Applicant Pratt sued one Lenahan in the City Court and obtained a judgment therein in his favor for $350. The judgment roll was duly filed; execution thereon was issued to the sheriff and returned wholly unsatisfied. Thereafter an order was obtained

under section 1391 of the Code of Civil Procedure directing issuance of execution against the wages, earnings, and salary due said Lenahan and in the hands of the comptroller of the city. The comptroller has failed, neglected, and refused to comply with the terms of said execution. Whereupon this application was made for an order to compel the comptroller to pay. The Special Term of the City Court denied the motion. On appeal the Appellate Term of the Supreme Court reversed said order and granted the motion. On leave granted by the presiding justice this appeal is taken by the comptroller and the city.

Section 1391 provides that:

"If such person or corporation, municipal or otherwise, to whom such execution shall be presented, shall fail, or refuse to pay over to said officer presenting said execution, the percentage of said indebtedness, he shall be liable to an action therefor by the judgment creditor named in said execution."

The statute itself having provided the remedy by action against the person or corporation refusing to pay upon presentation of such an execution, such remedy is exclusive. There is no authority to proceed by way of summary order.

The order of the Appellate Term is therefore reversed, and the order of the City Court affirmed, with $10 costs and disbursements in this court and the Appellate Term. All concur.