GEORGE W. HOUK, Plaintiff, v. WILLIAM D. VAN HORN et al., Defendants.

(Supreme Court, Erie Special Term, January, 1918.)

Attachment — warrant of — motions and orders — contempt — default — sheriffs — Code Civ. Pro. §§ 655, 677 — Judiciary Law, § 773.

Where certain bonds held by a trust company as collateral security for two notes owned by it and made by defendant were levied upon under a warrant of attachment issued against him, and the trust company out of the proceeds of a sale of the bonds not only paid itself the amount of said notes but also took the same course with regard to two other notes payable to defendant and owned by the trust company, a motion to compel it to pay over to the sheriff the amount of the last two notes or, in default thereof, to be punished for a contempt of court, will be denied.

In view of the provisions of sections 655 and 677 of the Code of Civil Procedure and section 773 of the Judiciary Law an action is maintainable to recover damages for the alleged loss or injury occasioned by the payment of the last two notes.

MOTION to compel the Citizens Commercial Trust Company of the city of Buffalo to pay to the sheriff of Erie county the sum of $4,500, or in default thereof to be punished for a contempt of court.

M. F. Dirnberger, Jr., for plaintiff, for motion.

Strebel, Corey, Tubbs & Beals, for defendant Van Horn.

Wilcox & Van Alen (Harold G. Aron, of counsel), for Citizens Commercial Trust Company, appearing specially, opposed.

BISSELL, J. This is a motion on return of an order directed to the defendants, William D. Van Horn and

the Citizens Commercial Trust Company of Buffalo, to show cause why the latter should not be directed to pay to the sheriff of Erie county the sum of $4,500, or in default thereof to be punished for contempt of court. The action was begun by the issuance of an attachment against the property of the defendant and due service thereof was made by the sheriff on the Citizens Commercial Trust Company, which at that time held 14 bonds of the McCue Company, property of the defendant, as collateral security to two notes owned by it, and made by the defendant William D. Van Horn. These two notes aggregated the sum of $10,000, and the trust company ultimately sold the bonds and received for them the total sum of $14,700. The right of the trust company to pay itself the amount of the aforesaid notes with interest out of the proceeds of this sale is not questioned. At the time the attachment was levied, however, it held two other notes, the first of which was made by the Kar Brak Chemical Company for $2,500, payable to the order of the defendant Van Horn and others, and indorsed by the payees; and the second thereof for $2,000, made by one J. R. Matson, payable to the defendant Van Horn, and indorsed by the maker and payee. Out of the proceeds of the sale of the aforesaid bonds the trust company also paid to itself the amount of these two last mentioned notes, and sent them to the defendant Van Horn, who resided in the state of Pennsylvania. The plaintiff contends that this action on the part of the trust company was in violation of his attachment, and seeks by this contempt proceeding to compel the trust company to pay over to the sheriff of Erie county the sum of $4,500, the face of these two notes.

It is unnecessary to consider the merits of the controversy, as I think the plaintiff has mistaken his

remedy. The Code of Civil Procedure, section 655, provides for an action by the sheriff in aid of an attachment. This action must be brought by the sheriff, or else in accordance with section 677 of the Code the plaintiff by leave of the court may bring and maintain the action in the name of himself and the sheriff jointly. It is further provided by section 773 of the Judiciary Law, which was formerly section 2284 of the Code of Civil Procedure, that " If an actual loss or injury has been produced to a party to an action or special proceeding, by reason of the misconduct proved against the offender, and the case is not one where it is specially prescribed by law, that an action may be maintained to recover damages for the loss or injury, a fine, sufficient to indemnify the aggrieved party, must be imposed upon the offender, and collected, and paid over to the aggrieved party, under the direction of the court."

I am of the opinion, in view of the provisions of the Code of Civil Procedure and the Judiciary Law above referred to, that it cannot be denied that this is a case where it is specially prescribed by law that an action may be maintained to recover damages for the alleged loss or injury.

From these considerations it follows that the motion must be denied.

Motion denied, with ten dollar costs.