MAX SMITH, Plaintiff, *v.* TOP NOTCH BAKERS, INC., et al., Defendants.

County Court, Westchester County, August 2, 1954.

*Harry Herman, County Attorney* (*Frank J. Morgan* of counsel), for Sheriff of Westchester County.

*Charles E. Doyle* for Westchester County National Bank.

FANELLI, J. Motion by the Sheriff for an order adjudging the Westchester County National Bank in contempt.

In an action brought by plaintiff in this court against Top Notch Bakers, Inc. (hereinafter referred to as Top Notch) and Valklar Top Notch Bakers, Inc. (hereinafter referred to as Valkar), a warrant of attachment was issued to the Sheriff. In lieu of attaching a truck, ownership of which was in dispute, the defendants offered to provide a sum of money sufficient to satisfy the requirements of the warrant. Valkar had a bank account in the Westchester National Bank. Top Notch had no bank account. The defendants agreed with the Sheriff to substitute the bank account of Valkar in place of the truck. A certified copy of a warrant of attachment was served upon the said bank, which issued a letter or certificate to the Sheriff stating: " With the consent of Mr. Sklar, Secretary and Mr. Appell, Vice President of Valkar Top Notch Bakery, Inc., the Westchester National Bank is holding the sum of $1,400. under the attachment against the Top Notch Bakers, Inc. and the Valkar Top Notch Bakery, Inc ".

The officers above-named are also officers of Top Notch.

This certificate or letter complied with section 918 of the Civil Practice Act.

The complaint sets forth two causes of action. The first cause of action is solely against Top Notch to recover the sum of $579.61. The second cause of action is against both defendants to recover the sum of $267.18. Valkar appeared and answered. Top Notch defaulted. A judgment was entered against Top Notch, and an execution was issued and a levy made on the $1,400 which had been previously attached. The bank, in accordance with the levy, issued and delivered its check to the Sheriff in the amount of the judgment plus Sheriff's fees. The Sheriff deposited this check in his bank account and satisfied the judgment. He then issued and delivered his check in the amount of the judgment to the attorney for the judgment creditor.

Thereafter, the bank stopped payment on its check on the ground that the defaulting defendant, Top Notch, had no account or funds in the bank and that the funds attached were to be used only in satisfaction of any judgment obtained against Valkar and that because of this the check was inadvertently delivered to the Sheriff. Whether or not these reasons are valid or have merit cannot be determined in this proceeding. The Sheriff in turn stopped payment on his check.

A motion was then brought to set aside the attachment. This court held the attachment valid and denied the motion.

The Sheriff now contends that the action of the bank in stopping payment of its check violated a mandate of this court and the bank is therefore guilty of contempt. This contention is not tenable. The failure or refusal of a third party to turn over to the Sheriff property, allegedly owned by the judgment debtor, under a levy of execution is not grounds for a contempt proceeding. Other remedies are provided for by statute.

After the judgment was entered and the levy made under the execution, the lien of attachment became merged in the execution. Hence, the Sheriff can proceed only under the execution. (*Barton* v. *Palmer Co.,* 87 App. Div. 35; Civ. Prac. Act, § 645.) We are, therefore, limited in this determination to the acts of the bank with respect to the execution only.

An execution is a process of the court directed to the Sheriff authorizing him to seize property of the judgment debtor. (Civ. Prac. Act, §§ 635, 636.) This process was not directed to the bank. The validity of the bank's claim should not be summarily determined by a contempt proceeding. The refusal on the part of the bank to turn over funds in its possession under

the circumstances here presented does not violate any order or mandate of this court.

Section 753 of the Judiciary Law sets forth the instances where a court of record has power to punish for a civil contempt. The act of the bank here is not such a violation as is contemplated by this section.

Furthermore, section 773 of the Judiciary Law provides in part: " If an actual loss or injury has been produced to a party to an action or special proceeding, by reason of the misconduct proved against the offender, and the case is not one where it is specially prescribed by law, that an action may be maintained to recover damages for the loss or injury, a fine, sufficient to indemnify the aggrieved party, must be imposed upon the offender, and collected, and paid over to the aggrieved party, under the direction of the court."

A specific remedy is prescribed for by law in subdivision 6 of section 687-a of the Civil Practice Act which provides that where a levy is made upon a debt or cause of action arising out of contract and the person upon whom the execution is levied fails or refuses to make payment to the officer making the levy, an action, by leave of the court, may be brought by the judgment creditor against such person for the recovery of the debt or the enforcement of the cause of action. The Sheriff is not authorized under the said section " to maintain any suit or proceeding for the collection of the debt or cause of action." (Civ. Prac. Act, § 687-a, subd. 2.)

The Legislature has expressly provided by virtue of section 687-a of the Civil Practice Act a remedy by action against a person, holding property of a debtor, who refuses or fails to honor a levy of execution. Such remedy is exclusive and contempt will not lie. (See *Matter of Pratt,* 158 App. Div. 695; *Houk* v. *Van Horn,* 102 Misc. 263, and *Kahn* v. *Coles,* 115 N. Y. S. 885.)

The motion is accordingly denied. Settle order on notice.