Thomas P. Farley, J.
Petitioner, a judgment creditor of respondent Lynch, seeks an order pursuant to section 47-e of the Personal Property Law, vacating an assignment of wages made by Lynch in favor of respondent Roeper, on the ground that the same was never publicly filed as is required by sections 47 and 47-a of the Personal Property Law.
It appears that subsequent to the date of the execution of the subject assignment, petitioner had caused a wage garnishee order to be served on Lynch’s present employer, Suffolk Dairy, which has refused to honor the garnishee on the theory that the wage assignment is entitled to priority. Suffolk Dairy is not a formal party respondent in this proceeding, although they were served with the order to show cause. Neither the debtor assignor, Lynch, nor the wage assignee, Roeper, oppose the petition, but Roeper, by cross notice of motion, seeks leave to file the assign *1040 ment of wages nunc pro tunc, as of November 3, 1958, the date of its execution.
However interesting may be the questions as to whether the assignee’s failure to publicly file his wage assignment affects the relative priorities as between the judgment creditor and the assignee (cf. Edison Elec. Illuminating Co. of Brooklyn v. Frick Co., 221 N. Y. 1), or whether the wage assignment, which recites an employee-employer relationship as between Lynch and Roeper, is violative of section 197 of the Labor Law, the court is of the opinion that these issues may not be raised by a judgment creditor in a proceeding under section 47-e of the Personal Property Law. That statute, insofar as herein pertinent, reads as follows:
“ Vacating of an assignment, by order of a court.
‘ ‘ 1. An assignment may be vacated by an order of a court of record upon application by the assignor, his employer or any person having an interest therein ” (emphasis supplied).
The petitioner has been unable to cite any authority wherein a judgment creditor of a wage assignor, not a party to the instrument of assignment, was permitted to maintain such a proceeding as a “ person having an interest therein ”. To the contrary, it would appear that the remedial legislation affecting wage assignments contained in article 3-A of the Personal Property Law was designed primarily to provide safeguards to the wage earner, so that overreaching him is made difficult. (See Governor’s Message to Legislature on amendment to Personal Property Law, § 47-e, L. 1960, ch. 348, eff. Apr. 7, 1960; 1960 Legis. Annual, p. 486; 1950 Report of N. Y. Law Rev. Comm., pp. 25, 43; 1948 Report of N. Y. Law Rev. Comm., pp. 123, 141.)
The sole method available to enforce a wage garnishee execution is by action pursuant to subdivision 3 of section 684 of the Civil Practice Act, against the person whose duty it is to make the payments. (Keve v. Columbia Kid Hair Curlers Mfg. Co., 161 App. Div. 918; Matter of Pratt, 158 App. Div. 695.) Nothing has been presented in this ease which would prevent the simultaneous enforcement of the garnishee with performance under the wage assignment. Subdivision 3 of section 48-a of the Personal Property Law, which limits the enforcement of a garnishee in cases where a prior wage assignment exists, applies only where “ any portion of the indebtedness secured by any valid assignment securing or relating to an indebtedness aggregating less than one thousand dollars filed with the employer in accordance with this section shall remain unpaid” (emphasis added). This wage assignment secures the sum of $4,979 with *1041 only 10% of the debtor’s salary withheld thereunder. The debtor assignor’s salary is in excess of the statutory minimum (Civ. Prac. Act, § 684, subd. 1) for garnishee.
Accordingly, the petition is dismissed without prejudice to the commencement of an action, pursuant to subdivision 3 of section 684 of the Civil Practice Act, if the petitioner be so advised. Cross motion denied.