OPINION OF THE COURT
Kaye, J.
In the appeal before us, support payments deducted weekly from respondent father’s wages pursuant to a payroll deduction order were apparently embezzled by the office manager and cannot be recovered from the employer. We are asked to determine, as between two parties not involved in the misappropriation, who must bear the loss — respondent, from whose salary weekly deductions were made, or his family, who did not receive this money. We conclude that respondent’s support obligation was not discharged when the weekly deductions were made by his employer, and that his responsibility to contribute to the support of his family requires that he, and not the family, suffer the consequence of such a loss.
Respondent, Sam Szigyarto, failed to comply with an order of support in favor of appellant, Ileana Szigyarto, and their two minor children. After respondent defaulted on three consecutive support payments, the court in September 1980 entered a payroll deduction order pursuant to Personal Property Law § 49-b, requiring respondent’s employer to withhold $70 from his weekly wages and transmit that sum to the court.* In January *278 1982, believing he had more than satisfied his obligation for arrears, respondent sought reduction of the weekly withholding. Only in the course of the ensuing proceedings did the parties learn that, while deductions had been made from respondent’s paychecks, no money had in fact been transmitted to the court for approximately six months. Those amounts — totaling some $1,750 — had apparently been converted by the office manager. Respondent’s efforts to recover against his former employer, by then out of business, proved unsuccessful.
Before the Family Court on respondent’s application to modify, both sides centered their arguments on the legal issue of whether the employer’s withholding discharged the support obligation. Respondent urged, first, that by obtaining a payroll deduction order and thereby divesting him of control over these funds appellant in effect made his employer her agent and, second, that under statutory and case law the deductions terminated his obligation, citing CPLR 5231, Matter of Franklin Natl. Bank v Lynch (29 Misc 2d 1039) and Schwartz Tire Corp. v Gershon (160 Misc 439). While rejecting these legal arguments, Family Court nonetheless held in respondent’s favor, on the basis that the deductions, once made, were no longer money owed to the wage earner, and that “the equities lie with the respondent in that the payroll deduction on which he relied in good faith was made week after week * * * [Appellant’s] proper remedy is to seek to recover illegally held funds from the employer and the errant office manager” (116 Misc 2d 742, 746). The court further noted the fact of appellant’s inaction and observed that if the defense of laches had been raised, that alone would bar appellant’s recovery. The court reduced respondent’s obligation by the disputed amount, and the Appellate Division affirmed, one Justice dissenting (100 AD2d 848). We now reverse.
Recognizing the substantial public, as well as private, interest in enforcing compliance with support orders, the Legislature in 1958. supplemented available enforcement procedures (see, e.g., 12 Zett-Edmonds-Buttrey-Kaufman, NY Civ Prac, Family Ct Proceedings H 15.12, p 15-106; Family Ct Act §§ 454, 457, 471; Domestic Relations Law §§ 243-244) with a streamlined mechanism for securing delinquent payments directly from a support debtor’s employer through automatic salary deductions (see, Personal Property Law § 49-b, L 1958, ch 659, § 1). By subsequent amendments, the Legislature added further force to this *279 provision (see, L 1975, ch 147, § 1; L 1977, ch 516, § 27; L 1978, ch 456, § 17) as part of a comprehensive strengthening of the State’s child support program (see, e.g., L 1977, ch 516; L 1978, ch 456). The payroll deduction order allowed under section 49-b is plainly an additional — not exclusive — remedy for the beneficiary of a support order (see, Lo Cascio v Lo Cascio, 101 Misc 2d 679, 682); a petitioner need not first exhaust other remedies against the debtor (see, Villano v Villano, 98 Misc 2d 774, 782).
Personal Property Law § 49-b permits a court which entered a support order, upon a showing of good cause and without the need again to serve process on the support debtor, to order an employer to withhold from wages — even including pension funds — those amounts the court finds necessary for compliance with its order, as well as arrears. A prima facie case is established by proof that the party charged with support is delinquent in three payments, and unless the presumption is overcome through proof of the debtor’s inability to make the payments the court must order an appropriate payroll deduction (Personal Property Law § 49-b [1] [a]; see generally, Involuntary Wage Assignments: A New Approach for Effective Enforcement of Support Obligations, 11 Buffalo L Rev 396). The debtor’s employer is then obligated to withhold the designated sums from its employee’s salary and to transmit the deducted amounts directly to the agency designated by the court (see, Personal Property Law § 49-b [1] [b]). The Legislature has further underscored the primacy of family support orders by specifying that a wage assignment under section 49-b takes priority over other assignment or garnishment of moneys due or payable, except those mandated by law (Personal Property Law § 49-b [2]; see also, Comment, Wage Garnishment in New York State: Practical Problems of the Employer, 34 Alb L Rev 395, 415-18).
Given this background and the absence of any authority so requiring, we must reject the conclusion reached below that respondent’s support obligation was extinguished when the payroll deductions were made. While, as the Family Court concluded, it may be that funds subject to a payroll deduction order, once withheld, are not considered wages belonging to respondent, they are not thereby rendered support money belonging to appellant so as to discharge respondent, until payment is made. Contrary to respondent’s assertion, Personal Property Law § 49-fa does not constitute the employer appellant’s “agent” so as to bind her and discharge him; and it creates no express trust for her in the withheld funds (see, e.g., Tax Law § 675; Social *280 Services Law § 111-h [4]). Cases decided under income execution statutes, such as Matter of Franklin Natl. Bank v Lynch (29 Misc 2d 1039, supra) and Schwartz Tire Corp. v Gershon (160 Misc 439, supra) — neither decision limiting a creditor’s remedies against a debtor — in no way restrict rights under Personal Property Law § 49-b. Most significant, however, is the purpose and intent of section 49-b to augment — not substitute or diminish — the methods by which support orders might be enforced, to the end that family members and not the public welfare rolls bear the burden of support of their children. Even if other remedies may be available against a third party to recover the payments, including suit against the defaulting employer for violation of the court order or against the errant office manager for misappropriation, the fact remains that the family has not received the court-ordered payments. The existence of alternative means of pursuing the misappropriated funds, which may be available both to appellant and to respondent, does not defeat the debtor’s responsibility for support of his family.
While resting its decision on the legal issue, Family Court added as a final point that, were respondent to invoke the defense of estoppel or laches, recovery would be barred by appellant’s inaction and resultant prejudice to respondent. Appellant urges that respondent’s failure to raise any such defense at trial deprived her of the opportunity to demonstrate its inapplicability. Since respondent did not raise estoppel or laches as a defense before the trial court, where the facts pertinent to such a defense might have been established, he cannot press it on appeal. We therefore do not reach the issue of whether such defenses, if properly raised, would have defeated appellant’s right to receive the payments.
Accordingly, the order of the Appellate Division should be reversed and respondent’s application to modify the support order to exclude the disputed payments denied.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons and Alexander concur.
Order reversed, with costs, and respondent’s application to modify the support order to exclude the disputed payments denied.

 The relative financial needs and abilities of the parties — factors *278 relevant to fixing the amount of the support payments respondent was ordered to pay — are not in issue on this appeal.