OPINION OF THE COURT
Francis A. Affronti, J.
Recommendations made by the hearing examiner regarding child support have been referred to this court for confirmation, which report should be confirmed unless contrary to the weight of the credible evidence or erroneous as a matter of law. (Matter of Weiner v Weiner, 97 Misc 2d 920 [1979].)
Regular deductions for child support have been made from the salary, wages, and/or income of respondent, pursuant to an income deduction order, directed by an order of this court filed on August 5, 1983. The petitioner has now sought enforcement of the aforesaid order, alleging a violation thereof in that the respondent failed to make payments as ordered resulting in the accrual of support arrears.
At the trial of this proceeding, before the hearing examiner, respondent appeared pro se and the petitioner appeared by counsel. The respondent’s former employer also appeared at the trial in response to a subpoena issued by petitioner. During the hearing it was determined that the employer had withheld support payments from respondent’s salary, in compliance with the prior order, but blatantly failed, for whatever reason, to remit the total of said sums to petitioner’s support collection unit, in accordance with the previously filed income deduction order.
*698 Thereupon, the hearing examiner recommended that respondent’s former employer be personally responsible to transmit the amounts previously deducted to the petitioner, at the rate of $200 per month, and that upon his failure to pay same, a judgment be entered against him for the then existing balance. Furthermore, it was recommended that respondent was to be responsible for the payment of a portion of the arrears, and that he continue to pay current support under the present effective order by income deduction.
For the reasons following, the recommendations above noted are rejected in that they are erroneous as a matter of law.
The court is cognizant that the former employer against whom payment was recommended is not a party to the proceeding, nor is he legally financially responsible for support payments on behalf of respondent’s child. However, in deciding the issue encountered, this court refers to the recent New York State Court of Appeals decision in Szigyarto v Szigyarto (64 NY2d 275), the facts of which are analogous to those at bar, and the legal conclusion reached therein likewise determinative.
In Szigyarto (supra), support payments were also deducted from the wages of the respondent father, pursuant to an income deduction order, but such funds were apparently embezzled by the employer and/or his representatives and were unable to be recovered. The court concluded that the father’s support obligation “was not discharged” (p 277) when the regular payroll deductions were made, and that his responsibility for support necessitates that he “suffer the consequence of such a loss” (see, Szigyarto v Szigyarto, supra, p 277). The court further noted that an income deduction order (Personal Property Law § 49-b) does not serve to discharge a responsible party from his support obligation, and does not render the employer an “agent” of the beneficiary.
As in Szigyarto (supra), and equally material and applicable to the existing facts, those remedies which may be available against a defaulting third party or employer to recover payments never transmitted in violation of a court order, do not eliminate the essential element that the “family has not received the court-ordered payments” (p 280) nor does the “existence of alternative means of pursuing the misappropriated funds * * * defeat the debtor’s responsibility” (p 280) to support his family.
Although the respondent continues to remain directly and primarily responsible for the support of his child, he is not without appropriate legal recourse and available procedures, *699 which he may invoke to attempt to undo the grievous wrong inflicted upon him by the employer, and this father is well-advised to utilize and explore any and all such remedies, including the potential of criminal prosecution.
Upon the foregoing, it is the findings and conclusions herein that as of January 11,1985, support arrears are fixed in the sum of $1,680, accruing under the Family Court order entered on August 5, 1983, and the petitioner shall be entitled to an immediate judgment thereon. Further, the respondent shall continue to pay current child support in the sum of $20 per week by income deduction under the aforesaid prior order and all payments are to be forwarded to the Monroe County Support Collection Unit. Any arrears accruing since January 11,1985, to the present date, shall be paid at the additional rate of $5 per week by income deduction order, payable to the Monroe County Support Collection Unit until paid in full, at which time current support shall revert to $20 per week. All other recommendations of the hearing examiner, not modified or amended by this decision, are confirmed.