■ Louise Corrao, Appellant, v Jon Corrao, Respondent.— In an action, *inter alia,* to recover accrued arrearages of maintenance and child support pursuant to a separation agreement which was incorporated, but not merged, into a judgment of divorce, the plaintiff appeals from an order of the Supreme Court, Nassau County (Collins, J.), dated July 8, 1986, which granted the defendant's motion to dismiss the complaint and awarded $500 costs to the defendant.

Ordered that the order is reversed, on the law, with costs, and the complaint is reinstated.

The parties entered into a separation agreement which provided, *inter alia,* that the defendant husband would pay $175 per week in maintenance to the plaintiff wife, together with additional amounts for support of their child. The nineteenth paragraph of the agreement provided that in the event either party failed to comply with the provisions thereof and the other party was required to retain counsel to pursue enforcement, the party seeking enforcement would, if successful, be entitled to reimbursement for all reasonable counsel fees incurred. The separation agreement was incorporated, but not merged, in a subsequent judgment of divorce obtained in the Supreme Court, New York County.

In June 1984, the plaintiff wife moved in the Supreme Court, New York County, for a wage deduction order pursuant to Personal Property Law former § 49-b (repealed L 1985, ch 809, § 23). The plaintiff sought a deduction in the sum of $175 per week, representing the defendant's current obligation to her, an additional $100 per week toward accrued arrearages then totaling $3,195, and an award of counsel fees. The defendant husband cross-moved for a downward modification of maintenance and cancellation of all purported arrearages

upon the ground that he had suffered a detrimental change in his financial circumstances and could no longer comply with the terms of the separation agreement.

The court held the motion and cross motion in abeyance and referred the pertinent issues to a Referee to hear and report with recommendation. After a hearing, the Referee recommended that the plaintiff's motion be granted to the extent that a wage deduction order issue for arrearages of $4,060 together with current payments. It was further recommended that the defendant's cross motion be denied in its entirety. The report contained no provision regarding counsel fees.

The plaintiff moved to confirm the Referee's report, and the defendant cross-moved to disaffirm the same. By order dated August 23, 1985, Special Term (Shorter, J.), confirmed the report. However, the plaintiff submitted a proposed wage deduction order which called for deductions beyond those recommended by the Referee, i.e., for counsel fees expended in connection with the motion pursuant to Personal Property Law former § 49-b, and for further arrearages accruing between December 17, 1984, the date of the Referee's hearing, and November 11, 1985, the date on which the proposed order was submitted, which further arrearages totaled $7,875. In response, counsel for the defendant submitted a proposed counterorder which directed the defendant's employer, the Sands Point Real Estate Corp., to deduct from the defendant's salary the sum of $100 per week until such time as the arrearage of $4,060 had been paid, and the further sum of $175 per week for current payments; this counterorder was signed by the court on November 14, 1985. The plaintiff appealed to the Appellate Division, First Department, from so much of the order as failed to direct wage deductions for posthearing arrearages and failed to award counsel fees, and the defendant cross-appealed from the same order.

Subsequently, the plaintiff alleged that the required sums were not being deducted and paid pursuant to the order. She moved in the Supreme Court, New York County, to amend the order, upon the ground that it incorrectly stated that the defendant's employer was the Sands Point Real Estate Corp., the actual employer being Sandsport Real Estate.

Shortly thereafter, while that motion was pending, the plaintiff commenced the instant plenary action in the Supreme Court, Nassau County, based upon the parties' separation agreement. In her first cause of action, the plaintiff

sought to recover accrued arrearages in alimony and child support from August 1981 through March 21, 1986, the date of the complaint, in the principal amount of $20,510. In her second cause of action, she sought prospective recovery of the arrearages which would accrue from March 21, 1986 through the date of trial. The third, fourth and fifth causes of action were to recover counsel fees, pursuant to the nineteenth paragraph of the separation agreement, which fees were incurred by the plaintiff in connection with her various efforts to enforce the agreement.

The defendant moved to dismiss the first, second and fifth causes of action as barred by res judicata and the previous election of an alternative remedy (see, CPLR 3211 [a] [5]), and the third and fourth causes of action for failure to state a cause of action (see, CPLR 3211 [a] [7]). By order dated July 8, 1986, the Supreme Court, Nassau County (Collins, J.), granted the motion in its entirety. The court held that it would "not relitigate any cause of action which accrued" prior to the date of the New York County wage deduction order, including the causes of action to recover counsel fees which were implicitly denied in New York County, nor would it entertain any cause of action for nonpayment attributable to an error in the wage deduction order. The court stated that the plaintiff's remedy was to move to amend or resettle the New York County order, or to appeal therefrom, both of which she had done; she could not, however, simply relitigate the same issues in a new action. Thus, the court found the complaint to be frivolous, and it awarded $500 in costs to the defendant.

The mere issuance of a wage deduction order does not relieve the debtor of the obligation to pay maintenance and child support (see, Szigyarto v Szigyarto, 64 NY2d 275), and "[t]he payroll deduction order allowed under [former] section 49-b is plainly an additional—not exclusive—remedy for the beneficiary of a support order" (Szigyarto v Szigyarto, supra, at 279). Because enforcement of support obligations is a matter of significant public and private interest (see, Szigyarto v Szigyarto, supra, at 278), the Legislature enacted Personal Property Law former § 49-b in order "to augment—not substitute or diminish—the methods by which support orders might be enforced, to the end that family members and not the public welfare rolls bear the burden of support of their children" (Szigyarto v Szigyarto, supra, at 280). Thus, in view of the strong public policy favoring enforcement of support obligations, we cannot agree that the plaintiff's application for a wage deduction order, which resulted in the issuance of an

order with which there was no compliance, barred her subsequent prosecution of a plenary action to enforce the support obligations derived from the parties' separation agreement. Absent proof that a particular support obligation has been satisfied, thereby precluding further payment under the doctrine prohibiting double recovery *(see, Zarcone v Perry,* 78 AD2d 70, 79-81, *affd* 55 NY2d 782, *cert denied* 456 US 979; *Ott v Barash,* 109 AD2d 254, 263), the plaintiff may pursue her plenary action to enforce the terms of the agreement, notwithstanding the existence of the wage deduction order directing payment of the same obligations. The doctrine of res judicata, which between parties and their privies gives conclusive effect to a judgment on the merits as to issues of fact and questions of law necessarily decided therein in any subsequent action *(see, Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 485), does not, under these circumstances, bar maintenance of the plenary action to enforce unsatisfied obligations which were the subject of the prior application under Personal Property Law former § 49-b. Moreover, because the wage deduction order and the plenary action are not inconsistent, maintenance of the latter is not precluded under the doctrine of election of remedies *(see, Lewyt-Patchogue Co. v Cantor,* 82 AD2d 911).

Finally, we conclude that the action was not frivolous, and, in light of the case of *Matter of A. G. Ship Maintenance Corp. v Lezak* (69 NY2d 1), the award of $500 costs to the defendant must be vacated. Bracken, J. P., Lawrence, Kunzeman and Spatt, JJ., concur.