■ COMMONWEALTH LAND TITLE INSURANCE COMPANY, Respondent, v MARTIN LEIDNER et al., Appellants, et al., Defendants.—In an action, *inter alia,* for a judgment declaring that the plaintiff, as escrow agent, did not violate an escrow agreement, the defendants Martin and Geri Leidner appeal from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated July 14, 1989, as granted that branch of the plaintiff's motion which was for partial summary judgment dismissing their affirmative defense that the plaintiff's distribution of escrow funds to the defendants Sam and Liba Elberger was improper because it was made without their consent.

Ordered that the order is affirmed insofar as appealed from, with costs.

At the time of the closing on the sale of their property, the appellants were unable to satisfy and discharge a mortgage held by the defendants Sam and Liba Elberger. In order to permit the closing to proceed, the appellants agreed to deposit $88,000 with the purchasers' title insurance company, the plaintiff in this action, to be held in escrow until a satisfaction of mortgage was obtained from the Elbergers. The deposit agreement between the plaintiff and the Leidners provided in pertinent part: "In the event that Depositor fails to comply with any of Depositor's obligations, Depositary may cause compliance therewith to be effected and pay out of the deposit the amount required to effect compliance including any expense, disbursement and/or counsel fees incurred in connec-

tion therewith. Notwithstanding any provision to the contrary, Depositary is authorized without notice to Depositor to accelerate Depositor's performance date at any time that Depositary, in its sole discretion, deems it advisable to do so to protect the title to the insured premises or the marketablility thereof ".

Six months after the closing, upon the appellants' failure to provide a satisfaction of mortgage, the plaintiff paid out the funds in the account to the Elbergers and obtained a satisfaction of mortgage. The plaintiff commenced this action to determine the parties' rights under the deposit agreement when the Leidners and the Elbergers claimed that the amount paid to satisfy the mortgage was incorrect.

The only issue raised on appeal concerns the dismissal of the appellants' affirmative defense which alleged that payment was made to the Elbergers without their consent. We find that the plaintiff established that this affirmative defense is without merit, as the agreement specifically permits the plaintiff to act without notice to the appellants. Since the appellants failed to establish the existence of triable issues of fact, the court properly granted that branch of the plaintiff's motion which was for partial summary judgment dismissing this affirmative defense *(see, Zuckerman v City of New York,* 49 NY2d 557). Thompson, J. P., Kunzeman, Lawrence and O'Brien, JJ., concur.