■ MARY L. AUSTIN, Individually and as Administratrix of the Estate of MICHAEL AUSTIN, Deceased, Respondent, v CANBAR ASSOCIATES, INC., Appellant, et al., Defendant.—In an action to recover the down payment deposited pursuant to a contract to purchase real property, the defendant seller appeals from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered September 26, 1989, which, upon an order of the same court entered August 18, 1989, granting the plaintiff's motion for summary judgment, is in favor of the plaintiff and against the appellant in the principal sum of $10,000. Justice Sullivan has been substituted for former Justice Brown (see, 22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed, with costs.

The plaintiff Mary Lou Austin and her husband Michael Austin entered into a contract for the purchase of a condominium unit being built by the defendant Canbar Associates, Inc. (hereinafter Canbar). Pursuant to its express terms, the parties' contract provided that it was the responsibility of Canbar to obtain a mortgage commitment for the plaintiff. The mortgage contingency clause provided that "[i]f Purchaser's application for a mortgage is not approved within forty-five (45) days from the date hereof, then this agreement shall be deemed cancelled and the monies paid hereunder by Purchaser shall be refunded with interest, if any, and the parties shall be released from any liability hereunder except that seller reserves the right for a period of thirty (30) days to grant the mortgage loan itself on the same terms and conditions". It is undisputed that Canbar failed to obtain or offer a mortgage commitment to the purchaser within the time period specified in the contract (see, Cerabino Custom Bldrs. v Rigoglioso, 135 AD2d 481).

"A familiar and eminently sensible proposition of law is that, when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms" (W.W.W. Assocs. v Giancontieri, 77 NY2d 157, 162). It is well established that when the terms of a written contract are clear and unambiguous, the intent must be found therein. Thus, in cases where the intention of the parties is expressed in plain and unambiguous terms, the question is one of law which may be decided on a motion for summary judgment (see, Oak Bee Corp. v Blankman & Co., 154 AD2d 3). In the present case, the contract, read as a whole to determine its purpose and intent (see, W.W.W. Assocs. v Giancontieri, supra, at 162), plainly manifests the intention of the parties that the contract "be deemed cancelled" should a mortgage not be granted within 75 days. Accordingly, the Supreme Court properly determined that the plaintiff was entitled to summary judgment and the return of her down payment since the defendant failed to secure or offer a mortgage within the time expressed in the agreement. Thompson, J. P., Bracken, Sullivan and Eiber, JJ., concur.