■ DORIEL MARSHALL, Appellant-Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Defendants, FIRST AMERICAN LAND TITLE INSURANCE COMPANY OF NEW YORK, Respondent-Appellant, and CHICAGO TITLE INSURANCE COMPANY, Respondent.—In an action, *inter alia,* for a judgment declaring the rights of the parties under a deposit and escrow agreement, (1) the plaintiff appeals from so much of an amended order of the Supreme Court, Kings County (Garry, J.), entered September 21, 1990, as (a) permitted the defendant First American Land Title Insurance Company of New York to deduct legal fees and interest from the deposited funds, and (b) released the defendant Chicago Title Insurance Company from liability to her, and (2) the defendant First American Land Title Insurance Company of New York cross-appeals from so much of the amended order as limited its award of legal fees to $2,000 plus $43.70 in disbursements.

Ordered that the amended order is modified, by deleting the fifth decretal paragraph thereof and by deleting from the seventh decretal paragraph thereof the phrase "all parties shall thereby be released and discharged from any further liability to the plaintiff herein" and substituting the phrase "all parties except Chicago Title Insurance Company shall thereby be released and discharged from any further liability to the plaintiff herein"; as so modified, the amended order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a hearing on the reasonableness of the attorneys' fees requested by First American Land Title Insurance Company of New York, and further proceedings consistent herewith.

The plaintiff deposited certain funds with the defendant First American Title Insurance Company of New York (hereinafter First American) pursuant to a "deposit and escrow agreement" for the stated purpose of inducing First American to provide title insurance for property she owned. The agreement provided that First American could use the deposited

funds to satisfy three outstanding judgments affecting her property which were held by the defendant New York City Health and Hospitals Corporation (hereinafter HHC) if the plaintiff failed to produce satisfactions of judgment within five months. Before the five months expired, the plaintiff commenced this action, *inter alia,* for a declaration as to HHC's claim against her property, and moved to stay First American from using the deposited funds to satisfy the judgments. The judgments were ultimately satisfied by other parties to this action without recourse to the plaintiff's funds deposited with First American.

On appeal, the plaintiff contends that the court erred in awarding First American all of the interest earned on the deposited funds. This contention is without merit. It is well settled that "when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms" *(W.W.W. Assocs. v Gianconti-eri,* 77 NY2d 157, 162; *see also, Austin v Canbar Assocs.,* 175 AD2d 195; *Slamow v Del Col,* 174 AD2d 725, *affd* 79 NY2d 1016). Here, the parties' agreement provided that it was "expressly understood and agreed" that First American could invest the funds deposited by the plaintiff for its own benefit and that "[i]n no event" would interest be allowed to the plaintiff. Accordingly, as the terms of the contract were clear and unambiguous, the court did not err in awarding the interest earned on the funds to First American *(see, e.g., Austin v Canbar Assocs., supra; Commonwealth Land Tit. Ins. Co. v Leidner,* 169 AD2d 699).

Similarly, the court did not err in determining that First American was entitled under the terms of the agreement to deduct from the deposited funds its counsel fees in connection with this action. However, since the award of counsel fees was contested, we find that the court erred in arbitrarily setting the award at $2,000 without explanation and without holding a hearing with respect to the reasonable value of the attorneys' services *(see, e.g., Popack v Popack,* 179 AD2d 746; *Gutin v Gutin,* 155 AD2d 586; *P & L Group v Garfinkel,* 150 AD2d 663). We therefore remit the matter to the Supreme Court, Kings County, for an evidentiary hearing on the reasonable value of the services provided by First American's attorneys. We further note that, since this is a declaratory judgment action, the court, upon remittal, should enter an appropriate judgment declaring the rights of the parties.

The court erred in releasing the defendant Chicago Title Insurance Company from any liability to the plaintiff, as

neither party moved for summary judgment on that issue *(see, e.g., Conroy v Swartout,* 135 AD2d 945). Moreover, as the record indicates that the issues raised by Chicago Title Insurance Company on appeal were not presented to the Supreme Court in the first instance, we decline to consider them *(see, Szigyarto v Szigyarto,* 64 NY2d 275, 280; *Fresh Pond Rd. Assocs. v Estate of Schacht,* 120 AD2d 561). Sullivan, J. P., Balletta, O'Brien and Copertino, JJ., concur.