OPINION OF THE COURT
Herbert B. Ray, J.
The petitioner Support Collection Unit (SCU) filed timely specific written objections to an order entered on July 21, 1995 *238 under docket number P-20-93. The respondent has not filed a rebuttal to the objections.
The petitioner has no argument with the Hearing Examiner’s findings of fact. The respondent is under a $50 per month child support order. He is employed. The SCU has an income execution order (IEO) in place against the respondent. The employer consistently withholds a portion of the respondent’s wages to satisfy the IEO. The employer consistently fails to remit the monies to the SCU. The SCU has brought two violation petitions against the respondent including the petition which gave rise to the order at issue here (see, Broome County Fam Ct orders entered Jan. 9, 1995 and July 21, 1995). Twice the Hearing Examiner has concluded that the respondent is not in willful violation of his support order.
The respondent testified that the New York State Department of Labor has referred him to the SCU. The SCU has referred him back to the Department of Labor. The Assistant County Attorney who appeared for the Department of Social Services reports that the SCU has not previously instituted an action against the respondent’s employer to recoup the accrued deductions nor is there a plan to commence such an action.
The Hearing Examiner vacated the income execution order finding that the present impasse, of no benefit to anyone, constitutes "good cause” within the meaning of Family Court Act § 440 (1) (b) (1) to vacate the IEO. The court heartily agrees.
Family Court Act § 440 (1) (b) (1) requires that when the court issues a child support order on behalf of a child receiving public assistance, as is the case here, "the support collection unit shall issue an income execution immediately for child support”. When the income execution is issued by the SCU, it is issued pursuant to CPLR 5241 (Family Ct Act § 440 [1] [b] [1]).
CPLR 5241 (g) provides that "an employer * * * served with an income execution shall commence deductions from income due or thereafter due to the debtor * * * An employer * * * shall be liable to the creditor for failure to deduct the amounts specified, provided however that deduction of the amounts specified * * * shall not relieve the debtor of the underlying obligation of support”. As the Court of Appeals has written in an analogous situation, "[t]he existence of alternative means of pursuing the misappropriated funds, which may be available both to [the debtor] and [the creditor], does not defeat the debtor’s responsibility for support of his family” (Szigyarto v Szigyarto, 64 NY2d 275, 280).
*239 Mr. Jacobs remains liable for the monies deducted from his wages and not remitted to the SCU between March 1995 and mid-July 1995. Based upon the findings of fact which were made in August 1994 when the respondent’s support obligation was last calculated, the respondent earns $6 per hour and works less than a 40-hour week. He does not appear to be a person in a secure financial position who might be readily able to make up for his employer’s failure. The respondent’s child has certainly not benefitted from the IEO, nor has the Department of Social Services.
Family Court Act § 440 (1) (b) (1) defines "good cause” not to require an immediate income execution as "substantial harm to the debtor”. That harm is evident upon the record and supports the Hearing Examiner’s decision to vacate the IEO. The respondent is being dug into a financial hole from which he will have difficulty escaping. At the same time, the only entity benefitting from the situation is the respondent’s employer.
Based upon the foregoing, it is ordered that the petitioner’s objection to the Hearing Examiner’s order entered on July 21, 1995 is denied.