■ Louis Maldonado et al., Respondents, v Rudolph Crew, as Chancellor of the Board of Education of the City of New York, Appellant. [653 NYS2d 596] —Order and judgment (one paper), Supreme Court, Bronx County (George Friedman, J.), entered September 9, 1996, which granted petitioner Community School Board 12's application pursuant to CPLR article 78 to annul respondent Chancellor's directive barring the Board's appointment of Alexander Castillo as community superintendent and permanently enjoined the Chancellor from suspending the Board's members based upon their decision to employ Castillo, unanimously affirmed, without costs.

We agree with the motion court that there is no question that Castillo meets the qualifications established for the position, and that the Chancellor's active participation in the selection process, without objection to Castillo until after he was selected as one of the two finalists, makes his present posture

appear pretextual. In short, we find that the Chancellor used his power under Education Law § 2590-*l* (1) to suspend or remove the Board's members not to assure compliance with the procedural mechanisms of Special Circular 37 but to intrude upon the Board's power under Education Law § 2590-e (1) to employ a superintendent by effectively substituting his judgment for the Board's on the merits of a particular candidate (*see, Board of Educ. v Fernandez*, 81 NY2d 508, 516-517). The petition was also properly granted since the Chancellor failed to attempt conciliation as required under Education Law § 2590-*l* (1). Since the Chancellor did not raise his current contention that the petition must be dismissed for the Board's failure to exhaust its administrative remedies in the motion court, where the pertinent facts might have been established (*cf., Matter of Community Bd. Nine v Crew*, 224 AD2d 8, 12), the issue may not now be raised for the first time on appeal (*Szigyarto v Szigyarto*, 64 NY2d 275, 280). Concur—Sullivan, J. P., Wallach, Rubin, Williams and Tom, JJ.