In May 2007, the defendant’s vehicle was brought to an automotive repair shop owned by the plaintiff, M.VB. Collision, Inc., doing business as Mid Island Collision (hereinafter Mid Island). After the defendant’s insurance carrier offered to pay an amount less than that contained in Mid Island’s demand for payment, Mid Island served a notice of lien and sale upon the *831 defendant. The defendant and the insurer of her vehicle then commenced a special proceeding against Mid Island pursuant to Lien Law § 201-a to challenge the validity of the lien. In January 2010, the parties to the special proceeding entered into a stipulation to discontinue the proceeding “without prejudice.” Thereafter, in April 2010, Mid Island commenced this action, asserting causes of action to recover damages for breach of contract and on an account stated. The plaintiff moved for summary judgment on the complaint, and the defendant cross-moved, inter alia, for summary judgment dismissing the complaint, contending, among other things, that this action was barred by the doctrines of collateral estoppel and the election of remedies. The Supreme Court, inter alia, denied the cross motion.
“Collateral estoppel, or issue preclusion, ‘precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party [or those in privity], whether or not the tribunals or causes of action are the same’ ” (Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349 [1999], quoting Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]). “This doctrine applies only ‘if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action’ ” (City of New York v Welsbach Elec. Corp., 9 NY3d 124, 128 [2007], quoting Parker v Blauvelt Volunteer Fire Co., 93 NY2d at 349). “[Collateral estoppel effect will only be given to matters actually litigated and determined in a prior action” (Kaufman v Eli Lilly & Co., 65 NY2d 449, 456 [1985] [internal quotation marks omitted]). Here, the issues of the existence of a binding contract and an account stated were never determined in the prior special proceeding to challenge the validity of Mid Island’s lien. In addition, Mid Island’s stipulation to discontinue the proceeding cannot be construed as a determination following a full and fair opportunity to litigate the issues that would be necessary to collaterally estop Mid Island from establishing that the defendant breached the parties’ contract and was liable to Mid Island on an account stated (see Maybaum v Maybaum, 89 AD3d 692, 695 [2011]; North Shore-Long Is. Jewish Health Sys., Inc. v Aetna US Healthcare, Inc., 27 AD3d 439, 441 [2006]; Singleton Mgt. v Compere, 243 AD2d 213, 217-218 [1998]). Accordingly, this action is not barred by the doctrine of collateral estoppel.
Furthermore, since the lien and the plenary action “are not inconsistent, maintenance of the latter is not precluded under *832 the doctrine of election of remedies” (Corrao v Corrao, 133 AD2d 245, 248 [1987]; cf. Simon v Boyer, 51 AD2d 879 [1976], affd 41 NY2d 822 [1977]).
However, the Supreme Court should have granted that branch of the defendant’s cross motion which was for summary judgment dismissing the cause of action to recover damages for breach of contract on the ground that there was no binding contract. In support of her cross motion, the defendant demonstrated, prima facie, that the subject agreement did not constitute a binding contract since it did not set forth the cost of the services to be performed by the plaintiff (see Matter of Hall v Barnes, 225 AD2d 837, 838 [1996]; General Motors Acceptance Corp. v Chase Collision, 140 Misc 2d 1083, 1086 [1988]; see generally Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp., 93 NY2d 584, 589 [1999]), or specify any method by which such cost would be determined (see Cobble Hill Nursing Home v Henry & Warren Corp., 74 NY2d 475, 483-484 [1989], cert denied 498 US 816 [1990]; Matter of McManus, 83 AD2d 553, 554 [1981], affd 55 NY2d 855 [1982]). In opposition, the plaintiff failed to raise a triable issue of fact as to the existence of a binding contract (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
We do not consider the defendant’s contention that the cause of action to recover on an account stated should be dismissed on the ground that there was no agreement with respect to the amount of the balance due, since it was improperly raised for the first time in the defendant’s reply papers, and not considered by the Supreme Court (see Stock v Morizzo, 92 AD3d 672 [2012]; Goldman v A&E Club Props., LLC, 89 AD3d 681, 683 [2011]).
The defendant’s remaining contentions are without merit. Dillon, J.P., Dickerson, Hall and Austin, JJ., concur.