Weston, J.
(concurring in part and dissenting in part and voting to affirm the order in the following memorandum). Landlord appeals the denial of its summary judgment motion by the Civil Court. The sole issue raised in the summary judgment motion was whether the tenancy was lawfully terminated by the Board. Landlord alleged that tenant violated the chronic nonpayment rule provision of the lease, and urged the Civil Court to apply the business judgment rule and not disturb the termination. In denying the motion, the court found there was a question of fact as to whether tenant had defenses as to any of the purported late payments. The majority now affirms and dismisses the petition, stating, for the first time in this case, that a holdover proceeding does not lie because landlord’s termination of the lease was not based on a conditional limitation. While I agree that a question of fact exists precluding summary judgment in landlord’s favor, I disagree with the majority’s decision to venture beyond the arguments raised and dismiss the petition, sua sponte.
It is axiomatic that an appellate court’s review is confined to those issues that have been appealed and which aggrieve the appealing party (see McHale v Anthony, 41 AD3d 265, 266 [2007] [Court rejected dissent’s efforts to reach lack of standing issue which was not raised by any party]). While appellate judges are not “ ‘automatons’ . . . they are not freelance lawyers either” (Misicki v Caradonna, 12 NY3d 511, 519 [2009]). Thus, any question of whether landlord was attempting to end the tenancy by relying upon a “condition subsequent” clause rather than upon a “conditional limitation” clause in the. lease is not properly before the court at this time. To conclude otherwise “pose[s] an obvious problem of fair play” (id.). Appellate courts “are not in the business of blindsiding litigants, who expect us to decide their appeals on rationales advanced by the parties, not arguments their adversaries never made” (id.).
To the extent the majority suggests that it is entitled to search the record and award tenant, a nonmoving party, summary judgment, it may not do so on grounds that were not raised by either party (see Dunham v Hilco Constr. Co., 89 NY2d 425 [1996]; see e.g. Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45, 54 [2014]; Pamco Indus, v MPAC, Inc., 231 AD2d 504 [1996]; Marshall v New York City Health & Hosps. Corp., 186 AD2d 542, 543-544 [1992]). An appellate court’s power to search the record and grant a nonmoving party summary judgment “is not . . . *47 boundless” (Dunham v Hilco Constr. Co., 89 NY2d at 429). Rather, an appellate court may grant summary judgment in favor of a nonmoving party “only with respect to a cause of action or issue that is the subject of the motions before the court” (id. at 429-430).
Here, the majority has expanded the scope of its review by awarding summary judgment to a nonmoving party based on an issue of its own creation. Beyond due process concerns, this outcome is patently unfair to landlord, which is totally blindsided by this turn of events. The dismissal of the petition on the ground that there was no conditional limitation in the lease providing for its early termination is not a predictable outcome which landlord should have anticipated. Inasmuch as this issue was never briefed by any party, there has been no notice of the issue either to the parties or the Civil Court, and landlord has not had any opportunity to be heard on this point. For this court to interject itself into an adversarial process and ferret out arguments where none previously existed disrupts the entire balance of our system of jurisprudence.
Accordingly, I would affirm the order.
Pesce, P.J., and Aliotta, J., concur; Weston, J., concurs in part and dissents in part in a, separate memorandum.