Gordillo-Jimenez v Ravagh Persian Grill, Inc. (2025 NY Slip Op 02059)

Gordillo-Jimenez v Ravagh Persian Grill, Inc.

2025 NY Slip Op 02059

Decided on April 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
HELEN VOUTSINAS
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2023-01361
 (Index No. 711943/22)

[*1]Jose Luis Gordillo-Jimenez, plaintiff, 
v
Ravagh Persian Grill, Inc., defendant third-party plaintiff- appellant; Mr. Kabob Restaurant, Inc., third-party defendant-respondent, et al., third-party defendant.

McCabe, Collins, McGeough, Fowler, Levine & Nogan, LLP, Jericho, NY (Patrick M. Murphy of counsel), for defendant third-party plaintiff-appellant.
Eric D. Feldman, Melville, NY (Jennifer M. Belk of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from an order of the Supreme Court, Queens County (Mojgan C. Lancman, J.), entered January 3, 2023. The order, insofar as appealed from, granted that branch of the motion of the third-party defendant Mr. Kabob Restaurant, Inc., which was for summary judgment dismissing the third-party cause of action alleging common-law indemnification insofar as asserted against it and denied the defendant third-party plaintiff's request to search the record and award it summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when he slipped and fell on basement stairs located in a restaurant named Ravagh Persian Grill and one of his fingers became caught in a handrail and was severed. The plaintiff commenced this action against Ravagh Persian Grill, Inc. (hereinafter Ravagh). Ravagh commenced a third-party action against, among others, Mr. Kabob Restaurant, Inc. (hereinafter Kabob), inter alia, for common-law indemnification, alleging that Kabob leased the premises and operated the restaurant thereon. Kabob moved for summary judgment dismissing the third-party complaint insofar as asserted against it. In opposition to the motion, Ravagh asked the court to search the record and award it summary judgment dismissing the complaint, among other things. In an order entered January 3, 2023, the Supreme Court, inter alia, granted Kabob's motion and denied Ravagh's request to search the record and award it summary judgment dismissing the complaint. Ravagh appeals from so much of the order as denied its request to search the record and award it summary judgment dismissing the complaint and granted that branch of Kabob's motion which was for summary judgment dismissing the third-party cause of action alleging common-law indemnification insofar as asserted against it.
Contrary to Ravagh's contention, the Supreme Court did not improvidently exercise its discretion in denying its request to search the record on Kabob's motion and award Ravagh summary judgment dismissing the complaint. Since "[a] motion for summary judgment must be [*2]addressed to one or more specific causes of action or defenses" (Conroy v Swartout, 135 AD2d 945, 947), CPLR 3212(b) authorizes a court to search the record and award summary judgment in favor of a nonmoving party "only with respect to a cause of action or issue that is the subject of the motion[ ] before the court" (Dunham v Hilco Constr. Co., 89 NY2d 425, 430). "Apart from considerations of simple fairness, allowing a summary judgment motion by any party to bring up for review every claim and defense asserted by every other party would be tantamount to shifting the well-accepted burden of proof on summary judgment motions" (id.). Here, since Kabob moved only for summary judgment dismissing the third-party complaint, there was no motion for summary judgment concerning the complaint, and the court could not have searched the record pursuant to CPLR 3212(b) to award Ravagh summary judgment dismissing the complaint (see Weinberg v Picker, 172 AD3d 784, 788-789; Marshall v New York City Health & Hosps. Corp., 186 AD2d 542, 543-544; Chadis v Grand Union Co., 158 AD2d 443, 445; Conroy v Swartout, 135 AD2d 945, 947). Thus, Ravagh's request was properly denied.
Ravagh also contends that the Supreme Court should not have granted that branch of Kabob's motion which was for summary judgment dismissing the third-party cause of action alleging common-law indemnification. "[T]he key element of a common-law cause of action for indemnification is not a duty running from the indemnitor to the injured party, but rather is 'a separate duty owed the indemnitee by the indemnitor'" (Raquet v Braun, 90 NY2d 177, 183, quoting Mas v Two Bridges Assoc., 75 NY2d 680, 690). Ravagh has not alleged the existence of any duty owed by Kabob to it (see Kingston Check Cashing Corp. v Nussbaum Yates Berg Klein & Wolpow, LLP, 218 AD3d 760, 763), and the arguments raised on appeal do not warrant reversal of the subject branch of Kabob's motion.
Accordingly, we affirm the order insofar as appealed from.
BRATHWAITE NELSON, J.P., VOUTSINAS, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court