■ ALICIA V. ISASI, Respondent, v DOMINGO ISASI-DIAZ, Appellant. — In a matrimonial action, defendant husband appeals from so much of a judgment of the Supreme Court, Richmond County (Sullivan, J.), dated April 25, 1984, as (1) directed equitable distribution of the marital assets; (2) awarded maintenance to the plaintiff wife of $250 per week until the end of 1991; (3) awarded child support to plaintiff of $25 per week for three of the four children, and (4) awarded attorney's fees to plaintiff of $1,500.

Judgment affirmed, insofar as appealed from, without costs or disbursements.

Contrary to defendant's contention on appeal, the record supports the trial court's finding that plaintiff wife is presently

incapable of supporting herself, which situation could only change over a period of years with training.

At the time of the commencement of the action, plaintiff, aged 41, had a part-time position as a domestic with an annual income of approximately $3,400. She had been doing such work only for the last five years of the parties' marriage of over 20 years. She had had no prior employment. In addition, there was no evidence that plaintiff had any special job skills.

In contrast, defendant had been employed as a civil engineer and at the time of the commencement of the action was earning $55,600 per year. By his own estimate, his net monthly income was approximately $2,200. We find that such a sum is more than sufficient for defendant to pay both the court-ordered awards to plaintiff and his own expenses. We note further that defendant has recently done free-lance work, earning on the average of $300 per month additional income; such experience is indicative of his capacity to earn even larger sums of money in the future.

In these circumstances, the trial court's awards were a proper exercise of its discretion under section 236 (part B, subds 6, 7) of the Domestic Relations Law.

We have considered defendant's remaining contentions and find them to be without merit. Mollen, P. J., Bracken, O'Connor and Niehoff, JJ., concur.