THOMAS MURPHY, Respondent, v NORA MURPHY, Appellant.

The parties to this action were married on June 4, 1960. The three younger children of the marriage currently reside with defendant. There is evidence that the youngest child is subject to periodic seizures of an unspecified nature.

The trial record and the decision of Trial Term afford a sufficient basis for appellate review of that court's determination of the issues of maintenance and child support. Based upon our assessment of the parties' circumstances in accordance with the factors enumerated in Domestic Relations Law § 236 (B) (6) (a); (7) (a), we conclude that the trial court improperly limited plaintiff's maintenance obligation to a period of five years.

Defendant is about 47 years old. She is a housewife who has not worked throughout the duration of her marriage. Although she holds a high school diploma, she lacks any special skills or training which would render her "capable of competing in today's job market to supplement her spousal support" (*Lind v Lind,* 89 AD2d 518, 519, *affd* 58 NY2d 965). She has had to look into the possibility of attending secretarial school at a cost of approximately $5,000. This is clearly distinguishable from circumstances where the ex-spouse is relatively young, has recently been gainfully employed and possesses the educational background and experience to enable her to become self-supporting at some time in the reasonably foreseeable future (*cf. Hillmann v Hillmann,* 109 AD2d 777). In the instant case, it is unlikely that defendant will, within a five-year interval, attain a sufficient level of financial independence to eliminate her reliance upon a $200 weekly maintenance award. Consequently, it was error for the trial court to have limited defendant's maintenance award to a maximum period of only five years from the date of first payment (*see, Antis v Antis,* 108 AD2d 889).

It is evident from the trial court's memorandum decision that adequate consideration was afforded the statutory factors with respect to child support, i.e., the financial resources of the custodial and noncustodial parents, the health of the children, the standard of living of the family, the tax consequences to the parties, and the nonmonetary contribution of the parents toward the care and well-being of the children (Domestic Relations Law § 236 [B] [7] [a]). In view of the fact that plaintiff is incurring all the children's educational expenses, the support award of $75 per week for each of the unemancipated children residing with defendant is not inadequate.

Opposing allegations regarding the matter of counsel fees render it impossible to determine the issue on appeal. The court advanced no reasoning underlying its decision to fix attorney's fees at $2,500. Under the circumstances, the parties were entitled to an evidentiary hearing so that the extent and value of counsel's services "could have been scrutinized in an adversarial context by the trial court and intelligently reviewed by this one" (*Sadofsky v Sadofsky,* 78 AD2d 520, 521).

In view of the respective financial situations of the parties, the trial court should have considered defendant's application for an order directing plaintiff to provide medical insurance for herself and the unemancipated children residing with her and to maintain a life insurance policy naming them as beneficiaries (Domestic Relations Law § 236 [B] [8] [a]). Accordingly, the matter must be remitted to the trial court for a hearing and determina-

tion with regard to defendant's application for attorney's fees and insurance.

We have considered defendant's other contentions and find them to be without merit. Gibbons, J. P., Weinstein, Brown and Eiber, JJ., concur.