■ GEORGE J. DELANEY, Respondent, v MAURA T. DELANEY, Appellant. — Resettled judgment, Supreme Court, Bronx County (Silbowitz, J.), entered October 30, 1984, granting a divorce in favor of defendant wife and providing, *inter alia,* for the payment of maintenance of $200 per week to defendant, unanimously modified, on the law and on the facts and in the exercise of discretion, without costs or disbursements, to increase the maintenance award to $400 per week, to delete the provision terminating plaintiff's responsibility to pay maintenance upon the youngest child's reaching 21 years of age and, except as thus modified, affirmed. Appeal from judgment of divorce, same court and justice, entered December 1, 1983, dismissed, without costs or disbursements, as academic.

This is a case of a 23-year marriage gone sour. Whatever the reason for the breakup, it is clear that the wife, a licensed health teacher with the New York City Board of Education at the time of her marriage, subordinated her own career to bear and raise four children, the youngest of whom is now 16, and assisted the husband, now 49 years of age, with his successful career as a vice-president of Con Edison, where he currently earns approximately $100,000 per year in addition to enjoying substantial perquisites. The wife, now 47 years of age, works at a local college as an administrator and fund raiser at an annual salary of $20,800. Her employment is terminable at will and her prospects for any significant increase in salary do not appear to be substantial. During the marriage the family enjoyed country club and yacht club memberships and the children were privately educated.

In our view, a maintenance award of $200 per week is unrealistically low, particularly in light of the husband's present and anticipated income, the wife's present and future earning capacity, and the parties' preseparation standard of living. Furthermore, upon sale of the marital residence and division of the proceeds, as directed by the judgment herein, the wife will be confronted with the additional burden of finding suitable housing accommodations for herself while the husband has been awarded, as separate property, the cooperative apartment into which he moved at the time of the separation. In such circumstances we find that a maintenance award of $400 per week would be more in keeping with the husband's ability to pay and the wife's present and future needs. Since we can find no justification for terminating the husband's responsibility for paying maintenance when the youngest child reaches 21 years

of age, a time when the wife's needs will be no less acute, we eliminate said provision. Concur — Murphy, P. J., Sullivan, Bloom and Ellerin, JJ.