■ GEORGE J. DELANEY, Respondent, v MAURA T. DELANEY, Appellant.—Motion for reargument granted insofar as to recall the order of this court entered on May 23, 1985, to resettle that order as indicated in the order of this court, and to recall the memorandum decision filed on May 23, 1985 [111 AD2d 111], and substitute therefor, the following memorandum decision:

Resettled judgment, Supreme Court, Bronx County (Silbow-

itz, J.), entered October 30, 1984, granting a divorce in favor of defendant wife and providing, *inter alia,* for the payment of maintenance of $200 per week to defendant, unanimously modified, on the law and on the facts and in the exercise of discretion, without costs or disbursements, to increase the maintenance award to $400 per week, to delete the provision terminating plaintiff's responsibility to pay maintenance upon the youngest child's reaching 21 years of age, to require that the wife be designated, for as long as she lives, as the primary beneficiary of the husband's life insurance policies, which are to be maintained at their present levels, and that the parties' minor children be designated as alternate beneficiaries until each of such children reaches the age of 21, and, except as thus modified, affirmed. Appeal from judgment of divorce, same court and justice, entered December 1, 1983, dismissed without costs or disbursements, as academic.

The judgment of divorce provided that the parties' infant sons should be designated as the beneficiaries of the life insurance policies on the husband's life until said infants reach the age of 21. One of the issues raised by the wife on her appeal was that she would be without financial protection if the husband predeceased her. Although we modified the maintenance award we took no action on the wife's request that she be named as beneficiary of the husband's then-existing life insurance policies. On this application for reargument she notes that she would continue to provide and care for her infant sons, as she has throughout the marriage, in the event of his death.

We believe that the wife has made a compelling argument. Unless she is designated as beneficiary of the husband's life insurance policies she will be unprotected should the husband predecease her. In directing that the wife be designated as beneficiary of the husband's policies the parties' infant children will not be disadvantaged, since it appears that they have been and will continue to be well provided for.

Resettled order signed and filed. Concur—Murphy, P. J., Sullivan, Bloom and Ellerin, JJ.