■ FAITH KERLINGER, Respondent-Appellant, v FREDERICK KERLINGER, Appellant-Respondent.—In a matrimonial action, (1) the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Pittoni, J.H.O.), dated March 11, 1985, as awarded the plaintiff wife maintenance for an unlimited period of time, failed to deem certain property marital property, and directed that the defendant remain solely liable for an outstanding business loan; and (2) the plaintiff wife cross-appeals, as limited by her brief, from so much of the same judgment as denied her application for counsel fees.

Judgment affirmed insofar as appealed from, with costs to the plaintiff.

The judicial hearing officer awarded the plaintiff $175 a week maintenance without temporal limitation, and we see no reason to alter the award. During her 26-year marriage, the wife was not employed outside of the home except for a brief period some 20 years ago when she had a part-time job driving a school bus. She does not have a high school diploma, and lacks any special skills or training save a beautician's license she received in 1953. She has, however, never worked in that field. Under these circumstances, it is highly unlikely that the plaintiff will ever be able to become financially independent so as to eliminate her need for a weekly maintenance award (cf. Murphy v Murphy, 110 AD2d 688).

The defendant's contentions regarding the distribution of the marital property are without merit.

We also reject the plaintiff's contention that the court erred when it decided her application for counsel fees without holding a hearing thereon. Neither party requested a hearing concerning counsel fees and counsel agreed to submit affidavits and to permit the court to make a determination regarding counsel fees. We decline to disturb the court's determination in this regard and do not direct that a hearing be held. Lazer, J. P., Mangano, Gibbons and Bracken, JJ., concur.