■ MITRA ELI, Respondent, v PARVIZ ELI, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals from so much of a judgment of the Supreme Court, Queens County (Chetta, J.), dated September 28, 1984, as awarded the plaintiff wife maintenance in the sum of $100 per week for one year beginning August 6, 1984, $50 per week thereafter for an unlimited time, and made distribution to the plaintiff of 100% of all marital property disposed of by the court.

Justice Mangano has been substituted for the late Justice Gibbons *(see,* 22 NYCRR 670.2 [c]).

Ordered that the judgment is modified, in the exercise of

discretion, by deleting the provision thereof which provided for a maintenance award of $50 per week for an unlimited period and substituting therefor a provision awarding the plaintiff maintenance of $100 per week for an additional period of two years, for a total period of three years beginning August 6, 1984. As so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff.

On appeal, the defendant does not challenge the granting of the divorce to the plaintiff on the ground of cruel and inhuman treatment. He objects, rather, to the permanent nature of the maintenance award and to the court-ordered distribution of the parties' marital property.

The defendant's contention that Special Term failed to consider the statutory factors mandated by Domestic Relations Law § 236 (B) (6) is belied by the record. However, notwithstanding the evidence of permanent physical damage to a finger of the plaintiff's right hand due to physical abuse inflicted by the defendant, the plaintiff possesses certain job skills as evidenced by her degree in architecture and training in electrolysis. Where, as here, the plaintiff is relatively young and in reasonably good health, has no children to care for, and has the educational background and experience to enable her to become self-supporting at some time in the future, the rendition of an open-ended maintenance award is inappropriate (see, Hillmann v Hillmann, 109 AD2d 777, 778). We deem it appropriate to fix the defendant's maintenance obligation at $100 per week for a duration of three years from August 6, 1984, to insure that the plaintiff's reasonable needs will be provided for and that she will have an appropriate incentive to become financially independent.

We see no reason to disturb the distribution of marital property arrived at by Special Term. The court's determination was largely in favor of the defendant with respect to the plaintiff's major property claims, i.e., assets and property in Iran, in the sense that distribution thereof was precluded "by reason of the current diplomatic and political relations between the United States and Iran". With respect to the equipment from the parties' defunct skin-care business, it bears noting that the award thereof was based upon the consent of the parties. The defendant's argument that the distribution of the remaining property was substantively unjust is unpersuasive. Mangano, J. P., Weinstein, Lawrence and Eiber, JJ., concur.