■ In the Matter of URSULA WICKHAM, Appellant, v JAMES M. PINNEY, Respondent.—Casey, J. Appeal from an order of the Family Court of Otsego County (Kepner, Jr., J.), entered June 2, 1987, which denied petitioner's objections to a Hearing Examiner's order regarding child support.

The parties, the parents of two sons, were divorced on January 11, 1984. By reason of their separation agreement, and even though the custody of the children was stated as joint, Keith, born September 1, 1966, was to continue to live with petitioner, where he had been living since the separation, and Scott, born January 19, 1970, was to live with respondent. Under this arrangement, each parent was to be responsible for the support of the child living with that party. On March 16, 1986, Scott came to live with petitioner and Keith had started his college education at Houghton College. Therefore, petitioner applied to Family Court for support of both children and for contribution by respondent for Keith's college education as provided in the separation agreement.

A Hearing Examiner determined that respondent pay $20 per week support for Scott and no support for Keith. However, respondent was ordered to reimburse petitioner the sum of $2,079.69 which represented 50% of the parents' share of Keith's college expenses for the 1985-1986 academic year, such sum to be reimbursed by respondent at the rate of $20 per week commencing July 11, 1986. Respondent was further held liable for 50% of Keith's college expenses to be incurred for the year 1986-1987, but not to exceed $2,450; the method and manner of this payment was to be made on further application if the parties themselves could not agree. Petitioner filed objections with Family Court, claiming that the award was inadequate and erroneously computed. Family Court denied the objections and petitioner appeals.

Petitioner has remarried and her present husband has an annual income of between $28,000 and $29,000. She herself is employed as an administrative aide. Her gross weekly income is $334 and her disposable weekly income is $265.43. She also receives $1,000 per year pursuant to the separation agree-

ment. Respondent has a gross weekly income of $538.82 with a disposable weekly income of $358.17. He claims monthly living expenses of $958 per month. Petitioner claims reasonable monthly household expenses of $1,993.01, and argues that the determination of the Hearing Examiner is erroneous since it fails to determine the support payments due for Scott on the basis of one quarter of her total household expenses. We disagree.

Expenses such as mortgage, taxes, telephone, electric, water, garbage removal, fire insurance, cable TV, auto expenses, church contributions and vacations, which total some $1,267.19 per month, existed in the same amount before Scott moved to petitioner's household. The Hearing Examiner properly found that the reasonable monthly expenses for the support of Scott ranged between $92 to $150 and ordered respondent to pay $20 per week. Such amount exceeds 50% of the highest range of Scott's support and, considering the financial condition of the respective parties, is fair and reasonable.

As to support for Keith, who is now a sophomore in college, that too has been properly determined by requiring respondent to pay 50% of the college expenses for both academic years involved.

In the circumstances, the order of Family Court denying petitioner's objections to the order of the Hearing Examiner should be affirmed.

Order affirmed, with costs. Kane, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.