■ A. Paul Formato, Respondent, v Nancy B. Formato, Appellant.—In an action for a divorce and ancillary relief, the defendant wife appeals from stated portions of a judgment of the Supreme Court, Westchester County (Green, J.), dated June 20, 1986, which, *inter alia,* after a nonjury trial, (1) set maintenance at $200 per week for the period from November 26, 1985 to November 26, 1989, (2) set maintenance at $100 per week from December 3, 1989, until the defendant wife should die or remarry or the cohabitation of her with an adult male not related to her by blood in the house where she resides, (3) set child support at $75 per child per week from November 26, 1985, and ending on November 26, 1989, (4) set child support at $100 per child per week from December 3, 1989, until each child is emancipated, (5) denied her application for counsel fees, (6) denied her application to compel the plaintiff husband to pay for their children's college education, and (7) denied her application to take the children as income tax exemptions.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by (1) increasing the maintenance award to $300 per week for the period from November 26, 1985 to November 26, 1989, and to $200 per week for the period from December 3, 1989 until the death of either party, the remarriage of the appellant, or the cohabitation of the appellant with an adult male not related to her by blood in the house where the appellant resides; and (2) awarding the appellant counsel fees of $5,000; as so modified, the judgment is affirmed insofar as appealed from, with costs to the defendant.

The trial court in its decision did not reveal what weight it gave each factor in Domestic Relations Law § 236 (B) (6). However, the record is sufficiently clear to enable this court to make its own findings *(see, Damiano v Damiano,* 94 AD2d 132, 134).

At the time of the trial the plaintiff husband, who had left the appellant, was earning approximately $72,000 annually. It was uncontroverted at trial that the plaintiff urged the appellant to stop working in 1968, when, as a former Miss New York State, the appellant's career prospects were particularly good. She testified that as a result of the plaintiff's suggestion she rejected an offer from Helena Rubenstein that would have led to an executive position.

During the marriage the couple had a Scarsdale address and took numerous vacations in locations such as Acapulco, Paradise Island, and Vail, Colorado. Their two children attended private parochial school, took ballet and art lessons, and competed in soccer and sports. The family enjoyed an upper middle-class life-style.

Because the appellant took herself out of the work force, she now has no business skills. She is working as a child care supervisor earning $10,500 per annum, and, at age 46, her prospects for securing a better position are unlikely. The appellant did receive a distribution of marital property worth $20,095.15. She will receive one half of the proceeds from the sale of the marital residence, and $11,735 from the plaintiff's pension, but this will not occur until 1992 at the earliest. She also was awarded 35% of the plaintiff's military pension, but will only receive those proceeds when the plaintiff receives the proceeds of that pension.

The trial court awarded $200 per week in maintenance and a total of $150 per week in child support for a period of four years. Thereafter, the maintenance was to decrease to $100 per week, and the child support was to increase to a total of $200 per week. In view of the circumstances, this amount was inadequate to maintain the family, particularly since the appellant was responsible for the mortgage and repairs on the house. Therefore, the award must be increased *(see, Murphy v Murphy,* 110 AD2d 688). The award as modified leaves the plaintiff with adequate resources from which to pay his own expenses *(Colabella v Colabella,* 86 AD2d 643). Furthermore, considering the respective financial circumstances of the parties, the appellant is awarded counsel fees of $5,000.

The appellant apparently did not raise a claim to have the plaintiff bear their children's college expenses until after the completion of the trial. No evidence was presented at the trial that would indicate the existence of "special circumstances" which would create an obligation on the part of the plaintiff to finance his children's college education *(see, Gamble v Gamble,* 71 AD2d 649, 650).

We have considered the appellant's remaining contentions and find them to be without merit. Mollen, P. J., Rubin, Kooper and Sullivan, JJ., concur.