■ MARTIN REINGOLD, Appellant, v BARBARA REINGOLD, Respondent.—In an action for divorce and ancillary relief, the plaintiff husband appeals from so much of a judgment of the Supreme Court, Westchester County (Marbach, J.), dated June 22, 1987, as, *inter alia,* (1) awarded the defendant wife maintenance in the amount of $475 per week, (2) required the plaintiff to obtain a policy of insurance providing health (medical and dental) and hospital care benefits to the defendant, (3) granted the defendant the option to purchase the plaintiff's equitable share of the marital residence for $142,500, (4) granted the plaintiff a credit in the amount of $250 as his share of the parties' silverware, (5) directed him to pay the defendant the sum of $6,250 representing one half of the plaintiff's contributions to Met Realty Assocs., and (6) directed him to pay the sum of $49,000 for the defendant's legal and expert fees.

Ordered that the judgment is modified, on the law and the facts and in the exercise of discretion, by (1) deleting from subsection "d" of the eighth decretal paragraph thereof the amounts "$6,250" and "$12,500", respectively, and substituting therefore the amounts "$2,875" and "$5,750", respectively; (2) deleting from the eleventh decretal paragraph thereof the amount "$6,250.00" and substituting therefor "$2,875"; and (3) deleting therefrom the thirteenth decretal paragraph concerning counsel fees; as so modified, the judgment is affirmed insofar as appealed from, with costs to the defendant, and the matter is remitted to the Supreme Court, Westchester County, for a hearing and determination in accordance herewith.

The trial court did not abuse its discretion in awarding the defendant the option of purchasing the plaintiff's equitable share of the marital residence from him at a price which is the average of the two appraisals submitted at the trial (see, Shahidi v Shahidi, 129 AD2d 627; see also, Siegel v Siegel, 132 AD2d 247, 252-254, appeal dismissed 71 NY2d 1021).

The trial court did not abuse its discretion in awarding the defendant maintenance of $475 per week without temporal limitation, as well as health insurance. The defendant is 52 years old. During the 24-year marriage, she was a homemaker who did not work outside the home, except for a brief period when she was employed 2 or 3 days a week on a per diem basis as a substitute elementary school teacher. It is clear that she subordinated her own career to bear and raise three children and to assist the plaintiff, now 55 years of age, with his successful careers as a stockbroker and chain store operator, where his average earnings prior to trial were approximately $100,000 a year in addition to substantial fringe benefits (see, Shahidi v Shahidi, supra; Delaney v Delaney, 111 AD2d 111, lv dismissed 65 NY2d 609, order resettled 114 AD2d 312; Murphy v Murphy, 110 AD2d 688).

Since there was no proof as to the value of the plaintiff's tax shelter, the trial court properly awarded the defendant her equitable share of the contribution the plaintiff made to the shelter prior to the commencement of the marital action. However, the court erred in awarding the defendant one half of a $6,750 contribution made after commencement of the marital action. Consequently subsection "d" of the eighth decretal paragraph and the eleventh decretal paragraph are modified accordingly.

The trial court did not abuse its discretion in valuing the family silver since the plaintiff offered no proof at trial disput-

ing the defendant's proof as to the items remaining in the marital home at the time of trial.

Finally, it was error to award counsel fees on the basis of affirmations alone, in the absence of a stipulation regarding the amount due *(Price v Price,* 113 AD2d 299, 309, *affd* 69 NY2d 8). Accordingly, the issue of the defendant's entitlement to, and the amount of, counsel fees should be addressed at a hearing. If the hearing court awards counsel fees, the court should determine an appropriate installment schedule for the payment of counsel fees, in view of the plaintiff's additional obligations. However, we decline to disturb the schedule ordered by the trial court for the payment of the equitable distribution awards to the defendant. Thompson, J. P., Bracken, Eiber and Spatt, JJ., concur.