■ PATT R. B. SCHEUER, Respondent, v THOMAS E. SCHEUER, Appellant.—Weiss, J. Appeal from a judgment of the Supreme Court (Traficanti, Jr., J.), entered June 23, 1987 in Ulster County, upon a decision of the court, without a jury, in favor of plaintiff.

In this divorce action, Supreme Court awarded plaintiff custody of the parties' five-year-old son and ordered defendant to pay $230 a week as child support. The relief defendant seeks on this appeal is to reduce child support to $100 a week and to delete the direction in the judgment that "the costs of college or a private boarding school, if this option shall become available to the infant child, be shared equally between the parents". We find defendant's argument that the

court failed to consider all of the factors mandated by statute in awarding child support (see, Domestic Relations Law § 236 [B] [7] [a] [2], [3]) to be without merit. The decision adequately includes the court's reasoning. Moreover, even were we to find the stated reasons unclear, the record is wholly adequate to enable this court to make its own findings (see, Melnik v Melnik, 118 AD2d 902, 903; see also, Formato v Formato, 134 AD2d 564). In this case, $230 a week for child support will leave defendant with adequate resources from which to pay his own expenses, which resources in addition to his employment salary include his ability to withdraw both income and principal from a trust for his benefit, as well as his own substantial investment account (see, Formato v Formato, supra, at 565; Pulitzer v Pulitzer, 134 AD2d 84, 88).

Defendant's remaining contention concerning equal sharing of the cost of college or private boarding school, if such option becomes available to the child, is more easily determined. When questioned by Supreme Court about college, defendant responded affirmatively that he expected to do the same for this child as he had for the two children of his previous marriage (both of whom attended private boarding schools and one of whom was in college) and that he was willing to share the cost equally with plaintiff. Concededly, the child's learning disability is a handicap which constitutes a special circumstance warranting private schooling (see, Keehn v Keehn, 137 AD2d 493, 497; see also, Pulitzer v Pulitzer, supra; Matter of Wickham v Pinney, 134 AD2d 795).

In sum, we find neither a basis for nor reason to disturb the judgment.

Judgment affirmed, with costs. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.