■ ROGER HOLCOMB, Appellant-Respondent, v KATHY M. HOLCOMB, Respondent-Appellant.—Casey, J. Cross appeals from a judgment of the Supreme Court (Dier, J.) ordering,

*inter alia,* equitable distribution of the parties' marital property, child support and maintenance, entered August 1, 1988 in Washington County, upon a decision of the court, without a jury.

The judgment on appeal, *inter alia,* granted defendant's cross claim for a divorce, awarded custody of the parties' two children to defendant with reasonable visitation to plaintiff, ordered plaintiff to pay $100 per week per child as child support, ordered plaintiff to pay defendant $100 per week as maintenance, directed plaintiff to convey his interest in the marital residence to defendant with defendant responsible for payment of the mortgage debt, and directed plaintiff to maintain a $50,000 life insurance policy payable to defendant in trust for the children. Both parties have appealed.

As to equitable distribution, plaintiff contends that Supreme Court erred in awarding the only marital asset, the residence, to defendant without taking into account the actual value of the residence and its furnishings. We note, however, that transfer of the marital residence to defendant, with defendant responsible for the outstanding mortgage debt, was the distribution urged by plaintiff in his statement of proposed disposition submitted to the court. Accordingly, we find no merit in plaintiff's claim that he was aggrieved by the court's ruling, which granted the very relief requested by plaintiff.

On the issues of child support and maintenance, plaintiff claims that Supreme Court overstated his income and that payments of $300 per week leave him with virtually nothing to live on. The court found plaintiff's monthly gross income to be $9,176, which is the handwritten figure for total income on the statement of net worth submitted by plaintiff. Assuming that this figure is erroneous, plaintiff nonetheless concedes in his brief that his annual income for 1985, 1986 and 1987 steadily increased from $49,531.35 to $62,862.04, a concession which belies his claim that his income is insufficient to permit $300 per week in child support and maintenance. Plaintiff argues that his income has been inflated due to the substantial overtime he has had to work on a project that will soon be completed. As noted by the court, however, if and when plaintiff's income actually decreases, he can move to modify the support and maintenance provisions.

Plaintiff also argues that defendant, a licensed practical nurse, is "capable of earning approximately $22,000 without any difficulty", and it is only defendant's "indolence" that limits her income to the $10,913.11 found by Supreme Court.

It is clear from the record that plaintiff was expressly provided with the opportunity to submit evidence on any of the various issues prior to the court's decision, but chose not to do so. Now, on appeal, plaintiff relies upon speculation and innuendo to advance an argument that has no support in the record. Next, plaintiff contends that Supreme Court failed to consider the statutory factors for an award of maintenance (Domestic Relations Law § 236 [B] [6] [a] [1]-[11]), but a review of the record establishes that the court did consider all relevant factors. We find no abuse of discretion in the court's award of maintenance *(see, Eli v Eli,* 123 AD2d 819, 820; *Pottala v Pottala,* 112 AD2d 553, 554) or in its award of child support *(see, Reed v Reed,* 93 AD2d 105, 109). As to the latter award, the court set forth its reasons on the record as required by Domestic Relations Law § 236 (B) (7) (b). Plaintiff's remaining arguments are without merit.

Turning to defendant's cross appeal, the only argument meriting discussion concerns Supreme Court's failure to award retroactive maintenance and child support. By statute, awards of maintenance and child support "shall be effective as of the date of the application therefor" (Domestic Relations Law § 236 [B] [6] [a]; [7] [a]). The matter should be remitted to Supreme Court for the purpose of determining the amounts of retroactive maintenance and child support due *(see, Petrie v Petrie,* 124 AD2d 449, 451, *appeal dismissed* 69 NY2d 1038).

Judgment modified, on the law, with costs to defendant, by reversing so much thereof as awarded prospective maintenance and child support only; matter remitted to the Supreme Court for a determination of retroactive maintenance and child support due; and, as so modified, affirmed. Kane, J. P., Casey, Levine, Mercure and Harvey, JJ., concur.