■ CHARLES GRUNER, Appellant, v STACEY GRUNER, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Bianchi, J.), dated November 9, 1987, as (1) directed the parties to sell the marital residence and evenly divide the proceeds, (2) gave the defendant wife exclusive possession of the marital residence until it was sold, (3) declared that the defendant was entitled to share in his pension, (4) awarded the defendant maintenance, and (5) directed him to pay the defendant's attorney's fees.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The Supreme Court properly concluded that the defendant wife was entitled to maintenance of $150 per week for five years. The record supports the conclusion that the defendant's health problems have restricted her future earning capacity, while the plaintiff has a far greater earning capacity as a college-educated engineer *(see, Rodgers v Rodgers,* 98 AD2d 386).

Since the plaintiff failed to prove, at trial, that the defendant's health problems were feigned, the court properly refused to consider the issue in developing its distributive plan. Moreover, the court scrupulously reviewed and considered all the evidence adduced at trial in fashioning a distributive plan, which, under the circumstances, was not objectionable *(see, Maloney v Maloney,* 137 AD2d 666; *Gluck v Gluck,* 134 AD2d 237).

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Mangano, J. P., Kooper, Sullivan and Harwood, JJ., concur.