■ WILLIAM L. BEACH, III, Appellant-Respondent, v JANET L. BEACH, Respondent-Appellant.—Mahoney, P. J.

The parties were married in 1977 and have two minor sons who, at the time of trial, were nine and seven years old. Plaintiff commenced this action for divorce and equitable distribution. Defendant agreed not to contest the divorce and the parties stipulated to joint custody with primary residence of the children being with defendant. Certain other issues were not contested and proof was taken on the remaining issues of equitable distribution and child support. Supreme Court, inter alia, awarded $35 per week as maintenance to defendant, retroactive to the filing of the action, until the youngest child turns 18 or is sooner emancipated, awarded $125 per child per week as child support with any current arrears from a previous order payable at the rate of $10 per week, awarded defendant exclusive use of the marital residence until the youngest child turns 18 or is sooner emancipated, and made each party responsible for their own counsel fees. These cross appeals ensued.

As to the maintenance award, plaintiff argues that it was excessive in amount and duration. Considering plaintiff's longstanding employment with General Electric Company and net weekly salary of $672, as well as defendant's age, work experience and parental obligations as the custodial spouse, we cannot say that the amount or duration of the maintenance award is subject to reversal (see, Culnan v Culnan, 142 AD2d 805, 807, lv dismissed 73 NY2d 994). As to the award's retroactivity to the time of the commencement of the action, however, there is no evidence in the record that defendant sought maintenance until her attorney filed a statement of proposed disposition dated May 5, 1988. The maintenance award is more properly retroactive to that date (see, supra, at 808) and the judgment must be modified accordingly.

Regarding the child support award, we reject plaintiff's contention that it is excessive. Supreme Court has broad discretion in setting the amount of child support (see, e.g., Holcomb v Holcomb, 148 AD2d 915). Considering plaintiff's earnings and stable job record, along with defendant's job

skills and other responsibilities as the parent with physical custody, we see no abuse of Supreme Court's discretion in the child support award. We further see no abuse of Supreme Court's discretion in awarding child support arrears at the rate of $10 per week.

Contrary to plaintiff's contention that Supreme Court erred in awarding defendant exclusive possession of the marital residence until the youngest child is 18 years old or sooner emancipated rather than ordering an immediate sale, this award is grounded in law (see, e.g., Pacillo v Pacillo, 155 AD2d 736) and supported by facts in the record, such as the demands of the children's schooling and a favorable mortgage situation (see, supra). As to plaintiff's contentions that Supreme Court failed to distribute household furnishings and make certain tax-related apportionments between the parties, we note that there is insufficient proof as to these items in the record so that an informed decision on these matters is not possible. Indeed, we note that the parties' statements of proposed disposition make no reference to the household items. Finally, we see no abuse of Supreme Court's discretion in making each party responsible for their own counsel fees.

Judgment modified, on the law, without costs, by reversing so much thereof as awarded maintenance commencing March 2, 1987; maintenance award commencing May 5, 1988; and, as so modified, affirmed. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.