■ Ann P. Behan, Appellant, v John V. Behan, Respondent.—In an action for a divorce and ancillary relief, the

plaintiff wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Kings County (Rigler, J.), dated July 19, 1988, which, *inter alia,* granted the wife a divorce and awarded the wife maintenance in the sum of $150 per week for a period of five years.

Ordered that the judgment is modified by deleting the provision thereof which awarded the wife maintenance in the sum of $150 per week for a period of five years and substituting therefor a provision awarding the wife maintenance in the sum of $150 per week for a period of 10 years or until the husband retires, whichever event occurs last; as so modified, the judgment is affirmed insofar as appealed from, with costs to the wife.

The parties were married on October 21, 1961. They have no child care responsibilities, since the three children born of the marriage are emancipated. The wife, age 46 at the time of trial, is employed full time as a school aide and earns approximately $11,000 annually. The husband, an electrician, earns approximately $55,000 annually. During the marriage, the couple purchased two homes, acquired substantial savings, and took numerous vacations.

Given the standard of living the parties enjoyed prior to their divorce, the substantial disparity between the parties' income, and the unlikely prospect that the wife would secure a more lucrative position, we find the five-year temporal limitation imposed by the trial court renders the maintenance award inadequate *(see, Formato v Formato,* 134 AD2d 564; *Murphy v Murphy,* 110 AD2d 688; *see also, Reingold v Reingold,* 143 AD2d 126; *Kerlinger v Kerlinger,* 121 AD2d 691; *cf., Hillmann v Hillmann,* 109 AD2d 777). Accordingly, the husband's maintenance obligation shall continue for 10 years or until he retires, whichever temporal period is longer. Mangano, P. J., Lawrence, and Rubin, JJ., concur.

Balletta, J., concurs in part and dissents in part, and votes to modify the order appealed from by awarding the wife maintenance for a period of eight years, with the following memorandum: The trial court awarded the wife maintenance in the sum of $150 per week for a period of five years. The majority would modify that maintenance award and direct that the husband be required to provide maintenance for a period of 10 years or until he retires, whichever event is later. I respectfully disagree since, in my view, under the circumstances of this case, it would be more appropriate to modify the award by solely requiring the payment of the sum of $150 per week as and for maintenance for a period of eight years.

The wife, age 46 at the time of trial, was a high school graduate and had attended college on a part-time basis, although she had never received a college degree. For a period of five years prior to the trial of this action, she had been employed by the New York City Board of Education as a school aide. In 1986, she had earned approximately $11,000. The husband, age 47 at the time of trial, was employed as an electrical worker and earned approximately $55,000 a year. The parties have a home in Brooklyn and a home in Breezy Point. In addition, they have several bank accounts, brokerage accounts, etc. The court ordered the houses to be sold, giving the parties themselves the right of first refusal, and, based upon the values of the homes and the other assets, the wife was awarded approximately $250,000, representing 50% of the total assets. Moreover, the wife was to receive a portion of each of the husband's pension checks when he retired. Although the wife did not enter the job market until recently in this 26-year marriage, she does have some education, and it would appear that an eight-year maintenance award would be sufficient and would provide the appropriate opportunity for the wife to obtain further training and prepare herself for financial independence.

The Court of Appeals has noted that implicit in the scheme of the Equitable Distribution Law is the premise that "upon dissolution of the marriage there should be a winding up of the parties' economic affairs and a severance of their economic ties by an equitable distribution of the marital assets. Thus, the concept of alimony, which often served as a means of lifetime support and dependence for one spouse upon the other long after the marriage was over, was replaced with the concept of maintenance which seeks to allow 'the recipient spouse an opportunity to achieve [economic] independence' " (O'Brien v O'Brien, 66 NY2d 576, 585, quoting Assembly Mem, 1980 NY Legis Ann, at 130). Pursuant to this concept, a maintenance award will usually be limited in duration to a period of time calculated to "give the supported spouse a reasonable period of time in which to learn or update work skills and to enter the employment market with a view toward becoming self-supporting" (Neumark v Neumark, 120 AD2d 502, 504; see also, Eli v Eli, 123 AD2d 819, 820; Gundlah v Gundlah, 116 AD2d 1026; Hillmann v Hillmann, 109 AD2d 777, 778).

It is true that in some cases an award of indefinite maintenance has been upheld where a marriage was of long duration and a spouse was older, possessing little or no skills or

education with little or no work experience and was unlikely to obtain the education or experience necessary to become self-supporting in the reasonably foreseeable future *(see, Reingold v Reingold,* 143 AD2d 126; *Formato v Formato,* 134 AD2d 564; *Kerlinger v Kerlinger,* 121 AD2d 691; *Murphy v Murphy,* 110 AD2d 688). However, in the instant case, the wife is still relatively young, intelligent, a high school graduate with some college credit and has a number of years of work experience. Moreover, the children are all emancipated so that she will not be caring for or supporting any minors, and she will be able to reap some interest income from her investment of her share of the equitable distribution. Under such circumstances, I think that an eight-year limitation on maintenance would be sufficient to assure that her reasonable needs will be provided for as well as assure her of a reasonable opportunity to become economically self-reliant *(see, Rosenberg v Rosenberg,* 155 AD2d 428; *Raviv v Raviv,* 153 AD2d 932; *Dawson v Dawson,* 152 AD2d 717; *Gruner v Gruner,* 149 AD2d 406; *Parris v Parris,* 136 AD2d 685; *Scheer v Scheer,* 130 AD2d 479; *Isasi v Isasi-Diaz,* 107 AD2d 661).