■ LINDA RAUER, Appellant, v GORDON RAUER, Respondent. —In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Rockland County (Stolarik, J.), dated February 16, 1988, as, after a nonjury trial, made distributive and maintenance awards and denied her counsel and expert fees.

Ordered that the judgment is modified, on the law and the facts and in the exercise of discretion, by (1) deleting from the sixteenth decretal paragraph thereof the words "two (2)" and by substituting therefor the words "five (5)" and (2) deleting from the second decretal paragraph thereof (a) in the sentence beginning with the words "The plaintiff's award", the word "either" and the words "or at the time of the sale of the property", and (b) the sentences beginning with the words "In no event", and, "In the event"; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The record indicates that the plaintiff wife is a New York State certified teacher who has not taught in over 24 years. In view of this fact, as well as her age and her troubled state of health, it is unrealistic to expect that she will return to classroom teaching. Moreover, the plaintiff's lifetime earning capacity has been reduced due to the fact that during this long marriage, she remained home for much of the time to be a parent and homemaker. Under these circumstances, the duration of the defendant husband's obligation to pay maintenance should be increased from a period of two years to a period of five years (see, Domestic Relations Law § 236 [B] [6]; Behan v Behan, 163 AD2d 505; Formato v Formato, 134 AD2d 564).

The Supreme Court properly granted the plaintiff a distributive award in "an amount equal to one-half of the value of the defendant's interest in the property" known as 34-36 Main Street, Haverstraw, New York, which was to be paid "forthwith" from the defendant's share of an escrow account. However, the Supreme Court erred in allowing the defendant the option of delaying payment of this award (see, Domestic Relations Law § 236 [B] [1] [b]; [5] [e]). Accordingly, the judgment has been modified to the extent indicated.

We have examined the plaintiff's remaining arguments and find them to be without merit. Mangano, P. J., Thompson, Miller and Ritter, JJ., concur.