■ JOSEPH CAPPELLO, Appellant, v ROSARIE CAPPELLO, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Liebowitz, J.), dated June 5, 1989, which, *inter alia,* (1) directed that he pay nondurational maintenance to the defendant wife in the amount of $150 per week, (2) awarded a 25%

interest in the marital residence to him and a 75% interest therein to the defendant wife and gave the defendant wife the option to purchase the plaintiff husband's share of the marital residence at its stipulated market value, and (3) directed that certain pension annuity and deferred compensation plans owned by the plaintiff husband be distributed equally between the parties.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The court properly considered the issue of maintenance de novo since the prior judgment of separation between the parties was not conclusive with respect to fixation of maintenance in the divorce action (see, Kover v Kover, 29 NY2d 408, 414). The award of maintenance in the divorce action was made with due regard for the enumerated statutory factors (see, Domestic Relations Law § 236 [B] [6] [a]), and the court did not improvidently exercise its discretion in awarding nondurational maintenance (see, Petrie v Petrie, 124 AD2d 449; Kerlinger v Kerlinger, 121 AD2d 691; Foy v Foy, 121 AD2d 501). Moreover, the trial court, by giving due regard to the enumerated statutory factors (see, Domestic Relations Law § 236 [B] [5] [d]), achieved a fair and equitable distribution of the marital property which was supported by the evidence and based upon sound reasoning (see, Arvantides v Arvantides, 64 NY2d 1033; Ierardi v Ierardi, 151 AD2d 548). Bracken, J. P., Kunzeman, Sullivan and Rosenblatt, JJ., concur.