■ MIRIAM POPACK, Appellant, v JOSEPH POPACK, Respondent.

The plaintiff wife and the defendant husband were married in September 1974. At the time of marriage, the husband was 24 years old, and the wife almost 26 years old. The parties have five sons, presently ranging in age from 9 to 16 years. This action was commenced in or about March 1986 and the judgment of divorce was entered in March 1989.

The wife challenges the amount of and the manner in which the trial court made its distributive award of the parties' marital residence. The trial court awarded the wife $255,000 as her share of the value of the marital residence but effectively gave the husband, who is in exclusive possession of the residence, the option to either pay the award in a lump sum or sell the premises with the parties sharing the net sale proceeds. Although we affirm the trial court's findings as to the amount of the wife's distributive share in the value of the marital residence, we nevertheless find that it erred in directing that the premises be sold and the net proceeds divided among the parties in the event that the husband failed to pay the $255,000 within the stated time period.

At the trial it was revealed that, since 1984, title to the marital premises has been in the names of the wife and one of the husband's sisters. Thus, the "option" to sell the marital residence is not a viable one since the husband no longer has title to any portion of this property and his sister, to whom he had transferred his interest, was not made a party to this action (see, Deleno v Deleno, 61 AD2d 788, 788-789; cf., Petrie v Petrie, 126 AD2d 951, 952; Schmidt v Schmidt, 99 AD2d 775, 776). Accordingly, the judgment has been modified to remove the sale "option" and to provide that the $255,000 shall be paid in a lump sum, or in installments of $400 or more per week with accrued interest. Further, until the $255,000 is paid in full, the husband shall maintain an insurance policy on his life in that sum, with the wife as the named beneficiary. Additionally, the wife shall continue to hold title until the full amount of the distributive award has been paid, together with interest.

The wife is also seeking to modify the maintenance award of $250 per week for three years. When the parties married in 1974, the husband was earning approximately $200 per week. He worked with his father after he became 20 years of age, and for most of the following 18 years he was occupied in his father's real estate business. At the trial, he testified that his weekly net salary, set by his father, was $348. Neither party has any significant assets. The bulk of the money on which the family lived was obtained from the defendant's father,

who paid the utility bills, the mortgage, the children's parochial school tuition, the family's health insurance premiums, and the rent of the family's summer bungalow. The husband's father also gave the husband additional funds on other occasions.

The husband maintained throughout the instant action that he earned only approximately $20,000 per year managing his father's vast real estate holdings, and he reported a gross income of $21,600 on his 1987 New York State and Federal income tax returns. However, the trial court determined otherwise, finding that the husband's annual income was approximately $85,000, since the husband's salary and reported income were not reflective of his true income or his earning capacity (see, Domestic Relations Law § 236 [B] [6] [a] [1], [3]).

The wife has no profession or formal occupation. During the marriage, the wife held no outside job, and at the time of the trial in 1988, she was earning approximately $150 per week caring for children on a part-time basis. Regarding her plans for the future, the wife expressed an intention to obtain a nursing degree.

Upon a consideration of the various factors enumerated in Domestic Relations Law § 236 (B) (6) (a), we find that the award of $250 per week for three years from the date of entry of the judgment was inadequate in light of the wife's need to become self-supporting and her desire to obtain a nursing degree (see, e.g., Behan v Behan, 163 AD2d 505, 506; Schlosberg v Schlosberg, 163 AD2d 381). Accordingly, the judgment is modified to grant the wife maintenance for a total of 13 years. Further, commencing March 15, 1992, three years after entry of the judgment, the wife's maintenance shall be increased to from $250 to $400 per week.

Because there is a dispute as to the wife's entitlement to counsel fees and the amount of counsel fees to be awarded to the wife, if any, we find that it was error for the trial court to arbitrarily set the award at $10,000 with no explanation as to the basis for the award and without holding an evidentiary hearing (see, Stern v Stern, 114 AD2d 408, 410-411; Price v Price, 113 AD2d 299, 309, affd 69 NY2d 8; Murphy v Murphy, 110 AD2d 688, 689; see also, Austin v Austin, 88 AD2d 649, 649-650). We note that in accepting the wife's application for an award of counsel fees on papers, the trial court had indicated that if there were to be a dispute as to the amount of counsel fees to be awarded, a hearing would be held on the matter. The husband asserted that the amount of counsel fees

claimed by the wife was excessive; however, no hearing was held. Accordingly, the matter of counsel fees is remitted to the Supreme Court for a hearing.

The plaintiff's remaining contentions are either without merit or do not warrant granting her further relief. Thompson, J. P., Lawrence, Balletta and O'Brien, JJ., concur.