ELIZABETH BEHRMANN, Respondent-Appellant, v DOUGLAS BEHRMANN, Appellant-Respondent. [613 NYS2d 80] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court did not err by including in the judgment language authorized by Uniform Rules for Trial Courts (22 NYCRR) § 202.50 (b) *(see,* 22 NYCRR, subtit D, ch III, subch B) that defendant's maintenance obligation was exclusive of extraordinary medical or dental expenses and extraordinary repairs to the marital residence. A party retains the right to petition the court for payment of extraordinary expenses over and above normal maintenance and child support *(see, Waterman v Waterman,* 160 AD2d 865, 867; *Dapolito v Dapolito,* 150 AD2d 375). Supreme Court's award of lifetime maintenance to plaintiff was not an abuse of discretion, given this 21-year marriage, plaintiff's age, and her lack of education or job skills. Supreme Court's conclusion that plaintiff is unlikely to become self-supporting is supported by the evidence *(see, Cattano v Cattano,* 171 AD2d 547; *Reingold v Reingold,* 143 AD2d 126, 127, *lv dismissed* 73 NY2d 851; *Kerlinger v Kerlinger,* 121 AD2d 691). Nor did Supreme Court abuse its discretion by requiring defendant to contribute $5,000 toward the attorney's fees of plaintiff. Contrary to defendant's argument, it is not necessary for a party to exhaust his or her own resources to qualify for an award of attorney's fees because indigency is not a prerequisite for such an award *(see, Lieberman v Lieberman,* 187 AD2d 567). Given plaintiff's substantial separate property, however, we conclude that Supreme Court did not abuse its discretion in denying plaintiff's request that defendant pay all her attorney's fees. Finally, Supreme Court's determination that the sum of $54,000, contributed by plaintiff's mother to the construction of the marital residence, is marital property is supported by the evidence *(see, Morrissey v Morrissey,* 153 AD2d 609, 611; *Ackley v Ackley,* 100 AD2d 153, 155-156, *lv dismissed* 63 NY2d 605). (Appeals from Judgment of Supreme Court, Nassau County, Goldstein, J.—Equitable Distribution.) Present—Green, J. P., Balio, Fallon, Doerr and Boehm, JJ.