■ Cheryl Bladt, Appellant, v Willard Bladt, Respondent. [898 NYS2d 248]—

In an action for a divorce and ancillary relief, the plaintiff appeals from stated portions of a judgment of the Supreme Court, Orange County (Alessandro, J.), dated August 4, 2008, which, inter alia, awarded her durational maintenance only in the sum of $175 per week commencing on March 3, 2006, and continuing until July 3, 2009, and incorporated by reference an order of the same court (Owen, J.), dated June 5, 2008, denying her motion to hold the defendant in contempt.

Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof awarding the plaintiff durational maintenance in the sum of $175 per week, commencing on March 3, 2006, and continuing until July 3, 2009, and substituting therefor a provision awarding the plaintiff durational maintenance in the sum of $250 per week, commencing on May 5, 2004, and continuing until the earlier of the plaintiff's remarriage or until the plaintiff reaches the age of 66; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff.

The Supreme Court erred in failing to make its award of maintenance retroactive to the date the plaintiff served her summons with notice containing a request for maintenance (see Domestic Relations Law § 236 [B] [6] [a]; Burns v Burns, 84 NY2d 369, 377 [1994]; Grassi v Grassi, 35 AD3d 357, 358 [2006]).

Further, the amount and duration of the maintenance was inadequate. "[T]he amount and duration of maintenance is committed to the sound discretion of the trial court, and every case must be determined on its own unique facts" (Griggs v Griggs, 44 AD3d 710, 711 [2007] [internal quotation marks omitted]; see Mora v Mora, 39 AD3d 829, 830 [2007]). The Supreme Court did not improvidently exercise its discretion in failing to award the now 58-year-old plaintiff nondurational maintenance, but, given the length of the marriage, the plaintiff's age, the respective roles of the parties in the marriage, the plaintiff's health problems, and the disparity in income, the Supreme Court should have awarded maintenance to the plaintiff in the sum of $250 per week until the earlier of her remarriage or until she reaches the age of 66 (see Baumgart v Baumgart, 199 AD2d 1049, 1050 [1993]; Rauer v Rauer, 168 AD2d 549 [1990]; cf. Behan v Behan, 163 AD2d 505, 506 [1990]).

The Supreme Court did not improvidently exercise its discretion in denying the plaintiff's motion to hold the husband in contempt for the violation of an order, as the defendant's failure to comply with the order was not willful (see York v York, 69 AD3d 620 [2010]).

The plaintiff's remaining contentions are without merit. Fisher, J.P., Leventhal, Belen and Sgroi, JJ., concur.