■ ANTHONY NOTO, Appellant, v ADELA NOTO, Respondent. [943 NYS2d 183]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Bruno, J.), entered December 15, 2010, as, upon an amended decision of the same court dated August 6, 2010, made after a nonjury trial, (1) awarded the defendant maintenance in the sum of $1,000 per month for 36 months, (2) directed him to pay for the cost of the defendant's health insurance until she qualifies for Medicare, remarries, or receives health insurance through her employment, or upon his death, whichever comes first, and (3) failed to direct the defendant to share equally in the carrying charges on the marital residences until their sale.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof directing the plaintiff to pay the cost of the defendant's health insurance until she qualifies for Medicare, remarries, or receives health insurance through her employment, or upon the plaintiff's death, whichever comes first, and substituting therefor a provision directing the plaintiff to pay the cost of the defendant's health insurance for a period of 36 months, or until she remarries or receives health insurance through her employment, or upon the plaintiff's death, whichever comes first; as so modified, the judgment is affirmed insofar as appealed from, with costs to the defendant.

The parties were married for approximately eight years. They have no children together. During the marriage, the plaintiff, as the president and owner of a demolition company, earned an an-

nual salary of approximately $88,400, along with considerable benefits. The defendant worked briefly during the early years of the marriage earning minimum wage. In 2004, the parties purchased a home together in Massapequa and in 2008, they purchased an investment property in Deer Park.

"[T]he amount and duration of maintenance is [a matter] committed to the sound discretion of the trial court, and every case must be determined on its own unique facts" (*Bladt v Bladt*, 72 AD3d 717, 718 [2010] [internal quotation marks omitted]; *see O'Shea v O'Shea*, 93 NY2d 187, 193 [1999]; *Xikis v Xikis*, 43 AD3d 1040, 1042 [2007]; *Mora v Mora*, 39 AD3d 829, 830 [2007]). The Supreme Court had before it sufficient evidence regarding, among other things, the length of the marriage, the pre-divorce standard of living of the parties, the age and health of the parties, the present and future earning capacity of the parties, and the ability of the defendant to become self-supporting, for the court to determine the defendant's request for maintenance (*see* Domestic Relations Law § 236 [B] [6] [a]; *Bladt v Bladt*, 72 AD3d at 718; *Raynor v Raynor*, 68 AD3d 835, 837 [2009]). Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in awarding to the defendant maintenance in the sum of $1,000 per month for a 36-month period.

However, the Supreme Court improvidently exercised its discretion in directing the plaintiff to pay for the defendant's health insurance until she qualifies for Medicare, remarries, or receives health insurance through her employment, or upon the plaintiff's death, whichever comes first. In light of the award of limited maintenance, the court should have determined that the plaintiff's obligation to pay for the defendant's health insurance should also run for a 36-month period, or until such time as the defendant remarries or receives health insurance through her employment, or upon the plaintiff's death, whichever comes first (*see* Domestic Relations Law § 236 [B] [8] [a]; *Kelly v Kelly*, 69 AD3d 577, 579 [2010]).

The defendant's contention that the Supreme Court should have awarded her maintenance for a duration longer than 36 months is not properly before this Court on appeal, as she did not cross-appeal from the judgment (*see Manning v Manning*, 82 AD3d 1057, 1059 [2011]; *Kerrigan v Kerrigan*, 71 AD3d 737, 738-739 [2010]).

The plaintiff's remaining contentions are without merit. Dillon, J.P., Angiolillo, Belen and Cohen, JJ., concur.