■ FRANCES PANAGGIO, Appellant, v MICHAEL N. PANAGGIO, Respondent.—Order unanimously modified on the law and facts and in the exercise of discretion and as modified affirmed without costs in accordance with the following memorandum: In this matrimonial action, plaintiff contends that the court's award of $375 per week in maintenance does not adequately take into account the parties' preseparation standard of living. Plaintiff also contends that the court erred, in its determina-

tion of defendant's means to support plaintiff, in failing to consider the defendant's recent receipt of over $450,000 as distributions of equity in two partnerships in which defendant has an interest.

We conclude that the court's award does not adequately reflect the parties' preseparation standard of living or defendant's capacity to contribute to plaintiff's support. Based on the circumstances, including the husband's receipt of large partnership distributions in 1983 and 1984, we exercise our discretion to award the wife $500 per week in maintenance. Domestic Relations Law § 236 B (6) (a) (1) requires the court, in fashioning a maintenance award, to consider the "income and property" of the respective parties. Moreover, the evidence establishes that those distributions, while not reported as income by defendant, are not required to be repaid by him and were treated by him as disposable income. In any case, the record establishes that defendant has sufficient means to meet the additional maintenance obligation we are imposing, even disregarding the partnership distributions. (Appeal from order of Supreme Court, Monroe County, Siracuse, J.—spousal maintenance.) Present—Dillon, P. J., Denman, Green, Balio and Davis, JJ.