■ Sylvia Denholz, Appellant, v Paul Denholz, Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals from stated portions of a judgment of the Supreme Court, Queens County (Corrado, J.), entered May 4, 1987, which, *inter alia,* (1) denied her request for an award of maintenance, (2) awarded her a distributive sum of only $14,743.93, (3), after a hearing, denied her application for an award of counsel fees, and (4) failed to permit the release of the $500 posted by her as security.

Ordered that the judgment is modified, by (1) adding to the third decretal paragraph thereof a provision awarding the plaintiff the sum of $900, representing one half of the value of a breakfront, a wedding gift, (2) deleting the provision thereof which adjudged that the parties pay their own counsel fees,

and substituting therefor a provision awarding the plaintiff counsel fees in the sum of $6,000, (3) adding thereto a provision awarding the plaintiff maintenance in the sum of $330 a month for five years, retroactive to the date of commencement of this action, and (4) adding thereto a provision directing the County Clerk to return to the plaintiff the sum of $500 which she posted on November 18, 1985; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The plaintiff, at the age of 64, married the defendant, then 63, in November of 1982. Shortly thereafter the plaintiff sold her cooperative apartment in New York City, where her monthly payments were $80, to move into the defendant's Floral Park home. She also gave up a part-time job where her gross salary was $150 per week. Less than two years later the plaintiff left the marital residence and commenced this action for a divorce and ancillary relief. At the time of trial of this action the plaintiff was living in an apartment in Hollywood, Florida, where her monthly rent was $449 plus $30 a month for garage space, and her net monthly income was approximately $900 (approximately $400 in salary and approximately $500 from Social Security). The defendant, who was retired, continued to reside in the marital residence. At the conclusion of the trial the court granted a judgment of divorce to the plaintiff. The plaintiff was also given a distributive award of $14,743.93 representing one half of the balance of the parties' joint bank account plus one third of the value by which the marital residence appreciated during the marriage. However, the plaintiff's request for maintenance was denied, as was, after a hearing, her request for counsel fees. The plaintiff hereby appeals from stated portions of the judgment of divorce.

With respect to the court's distributive award, there is no requirement that each item of marital property be distributed equally and a spouse is entitled to receive credit for the contribution of his separate property toward the creation of the marital assets (Monks v Monks, 134 AD2d 334; Brennan v Brennan, 103 AD2d 48; Ackley v Ackley, 100 AD2d 153, lv dismissed 63 NY2d 605). Under the circumstances of this case, where the marital residence was purchased outright by the husband before the marriage, and approximately $8,000 of his separate property was used to improve the property after the marriage, the trial court's award of one third of the appreciation of the marital residence to the wife was not an improvi-

dent exercise of its discretion. Furthermore, the court did not err in refusing to award the plaintiff one half of most of the wedding gifts received by the parties. Although it is well settled that wedding gifts constitute marital property (see, Ackley v Ackley, supra; Rywak v Rywak, 100 AD2d 542), the evidence adduced indicates that all of the cash wedding gifts, with the exception of $1,800 used to buy the breakfront which remained in the marital residence, was used for the parties' living expenses during the course of the marriage. The trial court should, however, have distributed the value of the breakfront and awarded $900, one half of its cost, to the plaintiff.

The court also erred in denying the plaintiff's request for maintenance. Domestic Relations Law § 236 (B) (6) provides that a court may award maintenance as justice warrants, after considering the parties' standard of living established during the marriage, whether the party in whose favor maintenance is granted lacks sufficient property or income to provide for his or her reasonable needs, and whether the other party has sufficient property or income to provide for the reasonable needs of the other, and the circumstances of the case and of the respective parties. At bar, the trial court placed too much weight on the short duration of the marriage and the fact that the 68-year-old plaintiff enjoys good health and presently has salable income-producing skills, rather than on the marked disparity between the income and resources of the two parties, and the plaintiff's financial circumstances prior to the marriage. The record clearly indicates that the plaintiff lacks property and income to provide for her reasonable needs, and the defendant has sufficient property, including a stock portfolio valued at approximately $200,000, and income to provide for them. Inasmuch as the plaintiff is in a worse economic condition since the breakup of the marriage than she was in prior to the marriage, and is entitled, to the extent possible, to be restored to the economic situation she enjoyed prior to the marriage, we find that the plaintiff is entitled to monthly maintenance of $330 for five years, retroactive to the date of commencement of the action (see, Wilson v Wilson, 101 AD2d 536; Duffy v Duffy, 94 AD2d 711). On remittitur the Supreme Court should determine the amount already due and owing, and that amount shall be paid in three equal installments commencing within 20 days after service upon the defendant of a copy of that court's decision and order with notice of entry, and on the first day of the sixth and twelfth months thereafter.

Moreover, since there is a marked disparity between the income and resources of the respective parties, the defendant engaged in unnecessary motion practice, and paying her own counsel fees would severely deplete the plaintiff's meager resources, the plaintiff's request for reasonable counsel fees should have been granted *(see, Hirsch v Hirsch,* 142 AD2d 138; *Rados v Rados,* 133 AD2d 536; *Schussler v Schussler,* 109 AD2d 875). We hereby determine the amount of reasonable counsel fees to be $6,000 to be distributed in three payments and in the same manner as the retroactive maintenance payments.

Finally, we note that although in its order dated April 10, 1987, the trial court granted, *inter alia,* that branch of the plaintiff's motion which was to direct the County Clerk to return to the plaintiff the sum of $500 which she posted on November 18, 1985, it failed to include that direction in the judgment appealed from. Since it appears from the record that the omission was inadvertent, we hereby exercise our jurisdictional power, pursuant to CPLR 5019 (a), to remedy the situation *(see, e.g., Stormville Mountain Homes v Zurhorst,* 35 AD2d 562; *cf., Solomon v City of New York,* 127 AD2d 827, 828).

We have considered the parties' remaining contentions and find them to be without merit. Mollen, P. J., Mangano, Brown and Sullivan, JJ., concur.