■ ANNA M. SCHLOSBERG, Appellant, v CLIFFORD L. SCHLOSBERG, Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Putnam County (Hickman, J.), entered July 26, 1989, as limited her award of maintenance to the sum of $500 per week for a period of two years and failed to award her interest on her share of the appreciation of certain limited partnership interests.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting from the fifteenth decretal paragraph thereof the words "two (2)" and, by substituting therefor the words "seven (7)"; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff.

The Supreme Court awarded the plaintiff (1) sole ownership and exclusive possession of the marital home, which had a net value of approximately $347,000, and (2) a distributive award in the amount of $129,600. In addition, she is able to support herself as a registered nurse. Under these circumstances, the plaintiff is not entitled to permanent maintenance *(see, Maloney v Maloney,* 137 AD2d 666; *Lord v Lord,* 124 AD2d 930). However, in light of "the marked disparity between the income and resources of the respective parties", we are of the view that the duration of the defendant's obligation to pay maintenance should be increased from a period of 2 years to a period of 7 years *(see, Denholz v Denholz,* 147 AD2d 522, 524; *Pressman v Pressman,* 143 AD2d 555; *Panaggio v Panaggio,* 133 AD2d 526; *see also, Sperduto v Sperduto,* 145 AD2d 476).

We have examined the plaintiff's remaining argument and find it to be without merit *(cf., Largiader v Largiader,* 151 AD2d 724). Mangano, P. J., Bracken, Rubin and Rosenblatt, JJ., concur.