■ JANE E. KLOTZ, Respondent, v HOWARD S. KLOTZ, Appellant.—Order, Supreme Court, New York County (Elliott Wilk, J.), entered November 13, 1989, which, *inter alia,* denied defendant's motion for a downward modification of maintenance, and order and implementing judgment of said court, respectively entered July 11, 1989 and October 23, 1989, which directed defendant to pay counsel fees on behalf of plaintiff in the sum of $30,000, unanimously affirmed, with costs.

In these postdivorce proceedings, defendant sought downward modification of the maintenance award granted to plaintiff by order of the IAS Part entered March 1, 1988, which order was affirmed by this court on May 30, 1989 (150 AD2d 308, *lv dismissed* 75 NY2d 766, *rearg denied* 75 NY2d 866). During oral argument of the instant appeal, the court was informed that defendant no longer seeks a hearing to downwardly modify the $350 per week maintenance award to his former spouse, and challenges solely the award of counsel fees.*

Pursuant to Domestic Relations Law § 237 (b), counsel fees in the sum of $30,000 were awarded to plaintiff after a hearing held July 6, 1988 and continued on April 13, 1989, in which the court received testimonial and documentary evidence regarding the financial circumstances of the parties and the extent of counsel's services over the course of this lengthy litigation. Upon examination of the record, we discern no abuse of discretion in the IAS Part's assessment of counsel fees, and conclude that it represents a reasonable appraisal of the service rendered. *(See, Delgado v Delgado,* 160 AD2d 385.) Concur—Kupferman, J. P., Sullivan, Milonas, Rosenberger and Kassal, JJ.

---

* The issue of recusal of the Trial Judge, also raised by counsel at argument, is not properly before this court. Were we to reach it, we would find the record devoid of any ground for such relief.