■ FRANCESCA M. MANCUSO, Respondent, v ROBERT A. MANCUSO, Appellant, et al., Defendant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his notice of appeal and brief, from so much of a judgment of the Supreme Court, Suffolk County (Dunn, J.), dated November 8, 1989, as, after a nonjury trial, (1) awarded the plaintiff wife maintenance in the sum of $300 per week for a period of 10 years, and (2) awarded the plaintiff wife the sum of $10,000 as counsel fees.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

Upon consideration of the relevant factors governing the awarding of maintenance (see, Domestic Relations Law § 236 [B] [6]), we discern no impropriety in the Supreme Court's award of maintenance to the plaintiff wife in light of the substantial disparity between the income and resources of the respective parties (see, Powers v Powers, 171 AD2d 737; Sperling v Sperling, 165 AD2d 338; Schlosberg v Schlosberg, 163 AD2d 381; Behan v Behan, 163 AD2d 505).

In addition, we find that the award of counsel fees to the wife was within the proper exercise of the trial court's discretion (see, Hackett v Hackett, 147 AD2d 611, 613; Denholz v Denholz, 147 AD2d 522, 525; Stempler v Stempler, 143 AD2d 410, 413; Megally v Megally, 142 AD2d 721, 723). While the defendant husband would ordinarily be entitled to an evidentiary hearing during which he could challenge the value and extent of counsel's claimed services, the husband failed to request such a hearing or to object to the submission of the issue of counsel fees based on papers. Accordingly, the husband has waived his right to a hearing on this issue (see, Gross v Gross, 160 AD2d 976, 979; Rosenberg v Rosenberg, 155 AD2d 428, 432; Kandel v Kandel, 129 AD2d 617, 618; Lynch v Lynch, 97 AD2d 814). Mangano, P. J., Kunzeman, Eiber and Balletta, JJ., concur.