■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RUDOLPH NOLFO, Appellant, v KAREN NOLFO, Respondent.—In a habeas corpus proceeding, the plaintiff husband appeals from (1) a judgment of the Supreme Court, Nassau County (Robbins, J.), dated February 18, 1992, which dismissed his writ of habeas corpus, permitted the defendant wife to apply for sanctions and counsel fees, and awarded her costs, and (2) an order of the same court dated May 13, 1992, which awarded the wife the sum of $1,850 in counsel fees.

Ordered that the judgment and the order are affirmed, with one bill of costs.

The husband's writ of habeas corpus was properly dismissed as deficient. There were no allegations of physical detention and the husband admitted that he had not been prohibited from substantial contact with his children. We find his claim that he was denied reasonable telephone access to the children to be wholly devoid of merit. We also find that the "intellectual imprisonment" alleged by the husband is not the

type of detention which a writ of habeas corpus is intended to redress *(see,* CPLR 7002; Domestic Relations Law § 70).

The issue of counsel fees is dictated by the equities and circumstances of each particular case, requiring the court to consider the parties and their respective financial situations in determining whether an award is appropriate *(see, Hackett v Hackett,* 147 AD2d 611; *Denholz v Denholz,* 147 AD2d 522). In this case, the husband's application for a writ of habeas corpus was clearly without merit in law or fact and the wife's maintenance award is far less than the six-figure salary generated by the husband. As such, we find that the award of counsel fees was properly made to defend this frivolous application, and the amount awarded was supported by the documentary proof submitted by counsel. Miller, J. P., Copertino, Pizzuto and Santucci, JJ., concur.