■ Maureen J. Fischer, Appellant, v John M. Fischer, Respondent. [606 NYS2d 494] —Judgment unanimously modified on the law and as modified affirmed with costs to plaintiff in accordance with the following Memorandum: Plaintiff appeals from that part of a divorce judgment that determined maintenance and medical coverage. Plaintiff and defendant resolved all other issues between them by stipulation in open court. Under the terms of the stipulation, the issue of maintenance would be referred to the Chautauqua County Support Collection Unit. The parties agreed that the court would make its decision based on that report. The Support Collection Unit recommended that defendant pay to plaintiff $200 per week maintenance and provide health insurance through his employer.

Supreme Court directed defendant to pay $200 per week maintenance for a period of three years and made no provisions regarding plaintiff's health insurance.

Plaintiff contends that the court's award of $200 per week in maintenance is inadequate because it fails to reflect the parties' preseparation standard of living or defendant's capacity to contribute to her support (see, Panaggio v Panaggio, 133 AD2d 526). We disagree. Questions of maintenance are addressed to the sound discretion of the trial court (Domestic Relations Law § 236 [B] [6]; Majauskas v Majauskas, 61 NY2d 481; Torgersen v Torgersen, 188 AD2d 1023, 1024, lv denied 81 NY2d 709). The court's award of maintenance reflects an appropriate balancing of plaintiff's needs and defendant's ability to pay (see, Torgersen v Torgersen, supra, at 1024). By her own calculation, plaintiff's weekly expenses are $308. She receives $116.28 per week from her father, so that the amount of maintenance awarded by the court and recommended by the Support Collection Unit will permit plaintiff to meet her expenses.

The court erred, however, in limiting maintenance to a period of three years. In view of the statutory factors—the respective incomes of the parties; the nearly 35-year duration of the marriage; plaintiff's age (56); the unlikelihood that plaintiff can become self-supporting; and plaintiff's lack of education and work experience resulting from the parties' decision that plaintiff would assume the role of full-time homemaker and caretaker of the children—an award of permanent maintenance is appropriate (see, Domestic Relations Law § 236 [B] [6] [a], [b]; Wilner v Wilner, 192 AD2d 524; Zelnick v Zelnick, 169 AD2d 317, 333; Brownstein v Brownstein, 167 AD2d 127, 129, lv denied 77 NY2d 806; Behan v Behan, 163 AD2d 505, 506). We modify the judgment, therefore, by directing that defendant continue to pay maintenance until he reaches age 65 or retires, whichever event occurs later.

The court also erred in declining to follow the Support Collection Unit's recommendation that defendant be directed to maintain health insurance for plaintiff's benefit. The court had the authority to make such an award (see, Domestic Relations Law § 236 [B] [8] [a]; McDermott v McDermott, 119 AD2d 370, 375, appeal dismissed 69 NY2d 1028). The court should have directed defendant to maintain the level of health insurance coverage existing during the marriage (see, McDermott v McDermott, supra, at 375), as the Support Collection Unit recommended. We further modify the judgment by di-

recting defendant to provide health, hospitalization and medical coverage to plaintiff for a period of three years as requested by plaintiff *(see, McDermott v McDermott, supra,* at 375).

We have reviewed the remaining contentions and find they are without merit. (Appeal from Judgment of Supreme Court, Chautauqua County, Cass, Jr., J.—Divorce.) Present—Green, J. P., Balio, Lawton, Fallon and Davis, JJ.