■ MARIJKA E. LAMPARD, Appellant, v WILLIAM W. LAMPARD, Respondent. [632 NYS2d 368] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: We reject the contention of plaintiff that reversal is required because Supreme Court failed to set forth the factors it considered and the reasons for its decision in support of its equitable distribution of the parties' marital property *(see,* Domestic Relations Law § 236 [B] [5] [g]). The court's 21-page decision, including findings of fact and conclusions of law, demonstrates that the court considered the necessary factors and gave the reasons for its decision *(see, Monette v Monette,* 177 AD2d 802).

However, we agree with plaintiff that the court's maintenance award of $2,300 per month for a period of $2^{1}/_{2}$ years was inadequate. Defendant is a practicing physician with a substantial income. Plaintiff has a bachelor's degree in environmental design but has not worked consistently outside the home during the parties' 17-year marriage. Given the great disparity between the incomes and resources of the parties, we conclude that defendant's maintenance obligation must be increased to $3,000 per month for a period of five years *(see, Schlosberg v Schlosberg,* 163 AD2d 381; *Denholz v Denholz,* 147 AD2d 522, 524, *lv dismissed* 74 NY2d 715).

We also conclude that the court erred in the valuation of certain marital assets. Defendant's interest in the RAWEE venture (the partnership that owns the building where defendant practices medicine) was erroneously valued as of the date of the commencement of the divorce action. The proper valuation date is the date of trial *(see, Greenwald v Greenwald,* 164 AD2d 706, 716, *lv denied* 78 NY2d 855; *Smerling v Smerling,* 177 AD2d 429, 430). Additionally, the court's conclusion that the property had decreased in value from $40,000 to $30,000 because defendant purchased it in 1987 is not supported by the

record. Therefore, the judgment on appeal is modified by valuing the property at $40,000.

The court abused its discretion in ordering that plaintiff receive the value of her one-half interest in the property when it is sold by defendant. There is no indication in the record that defendant intends to sell the property. We further modify the judgment, therefore, by ordering that plaintiff receive her share of the value of the property in four annual installments of $5,000 plus interest at the statutory rate *(see,* CPLR 5004) commencing from the date of the judgment. In the event defendant sells the property before he has paid his debt to plaintiff, the outstanding balance must be satisfied at the time of sale.

Finally, we conclude that the court erred in directing that plaintiff receive her share of the value of defendant's medical practice in three annual installments of $5,000 commencing the year that maintenance ceases. There is no support in the record for that direction. We further modify the judgment, therefore, by directing that defendant begin to pay plaintiff within 20 days of service of a copy of the order of this Court with notice of entry, rather than when maintenance ceases.

We have examined plaintiff's remaining arguments and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Chautauqua County, Gerace, J.—Maintenance.) Present—Denman, P. J., Lawton, Fallon, Balio and Boehm, JJ.