■ ROBERT MANN, Respondent, v MARILYN MANN, Appellant. [665 NYS2d 238] —Judgment unanimously modified on the law and in the exercise of discretion and as modified affirmed with costs to defendant and matter remitted to Supreme Court for further proceedings in accordance with the following Mem-

orandum: Defendant appeals from so much of a judgment of divorce as ordered plaintiff to pay defendant $2,500 per month in maintenance for 30 months; directed plaintiff to convey his interest in the marital residence to defendant; and denied defendant's request for reimbursement of $37,688.96 in attorney's fees. Defendant seeks nondurational maintenance of at least $3,500 per month; contends that Supreme Court erred in awarding her title to the marital residence because she did not request such award and because the court failed to take into account the expenses and capital gains taxes to be incurred by defendant upon her inevitable sale of the residence; and seeks to compel plaintiff to pay a portion of her counsel fees.

The record establishes that defendant earns less than $13,000 a year working part time as a nurse in an allergist's office and that, for most of the parties' 28-year marriage, defendant forsook career and educational opportunities in order to assume the role of homemaker and primary caretaker of the children. Defendant is pursuing her master's degree in nursing, which she expects to obtain in the year 2001. Although the court found that plaintiff has income of about $96,000 per year as a self-employed consultant, the record suggests that his true income is considerably greater. He admits paying his girlfriend nearly $320,000 in the 2½ years preceding the hearing, and further admits transferring his firm's interests in various lucrative contracts to a corporation formed by his girlfriend. Considering all of the circumstances, particularly the length of the marriage, the marital lifestyle, the disparity in the parties' incomes, defendant's sacrifice of career and educational opportunities during the marriage and defendant's current educational needs, we modify the court's award of maintenance by directing plaintiff to pay defendant maintenance of $3,500 per month for a period of 65 months beginning January 1, 1996 (see, Domestic Relations Law § 236 [B] [6] [a] [1]-[5]; *Lampard v Lampard*, 219 AD2d 835; *Schlosberg v Schlosberg*, 163 AD2d 381).

We also conclude that the court abused its discretion in denying defendant's request that plaintiff be ordered to contribute to defendant's counsel fees. Although the court noted the "limited liquid assets available to the respective parties," it is more significant that plaintiff's business generates net income for plaintiff of at least $96,000 per year and probably much more. Given his income, plaintiff certainly possesses the resources to pay a portion of defendant's counsel fees. The record establishes that defendant has incurred counsel fees of $37,688.96 in defending the divorce action, has paid only

$5,839.92 toward that total, and had to borrow $5,000 from her home equity line of credit for that purpose. Given the disparity in the parties' respective needs and means, and in the exercise of our discretion, we remit the matter to Supreme Court for a determination of the reasonableness of the balance of defendant's counsel fees and order plaintiff to contribute in that amount (*see, Klotz v Klotz*, 169 AD2d 423; *Robinson v Robinson*, 166 AD2d 428, 429, *lv dismissed* 76 NY2d 1017, *lv denied* 77 NY2d 807; *Wexler v Wexler*, 162 AD2d 326, 327; *cf., Patricia B. v Steven B.*, 186 AD2d 609, 612).

We have considered defendant's remaining contention and conclude that it is without merit. We modify the judgment by directing plaintiff to pay maintenance of $3,500 per month for a period of 65 months beginning January 1, 1996 and by directing plaintiff to pay defendant's counsel fees in the amount to be determined by Supreme Court upon remittal. (Appeal from Judgment of Supreme Court, Ontario County, Cornelius, J.—Maintenance.) Present—Denman, P. J., Green, Wisner, Balio and Boehm, JJ.