■ Jeffery N. Yunis, Respondent-Appellant, v Priscilla G. Yunis, Appellant-Respondent. [680 NYS2d 339] —Amended order and judgment unanimously modified in the exercise of discretion and as modified affirmed without costs in accordance with the following Memorandum: Defendant contends that Supreme Court erred in denying her cross motion for additional discovery regarding the finances of a closely held corporation owned by plaintiff's family. We disagree. The record establishes that defendant's cross motion was made approximately 10 months after plaintiff filed a note of issue and statement of readiness. Because defendant failed either to object to that filing or move to strike the note of issue, she waived her right to further discovery (cf., Giglio v Carucci, 116 AD2d 1040). Furthermore, defendant failed to demonstrate any unusual or unanticipated circumstances that warranted further discovery (see, 22 NYCRR 202.21 [d]; Simpson v K-Mart Corp., 245 AD2d 991, 992, lv denied 91 NY2d 813; Welch v County of Clinton, 203 AD2d 749; S.A.B. Enters. v Village of Athens, 178 AD2d 820). Moreover, the court did not foreclose defendant from obtaining those records; rather, the court denied the cross motion without prejudice to the issuance of a subpoena for those records at trial. Defendant failed to subpoena those records.

In the exercise of our discretion, we modify the amended order and judgment by providing in the 13th ordering and decretal paragraph that the duration of maintenance shall be for a period of 10 years (see, Mann v Mann, 244 AD2d 928, 929; Kret v Kret, 222 AD2d 412, 412-413; Lampard v Lampard, 219 AD2d 835; Schlosberg v Schlosberg, 163 AD2d 381). In modifying maintenance, we consider the duration of the marriage, the marital lifestyle, the property distribution, the health of the parties, the disparity in their respective incomes, the presence of a child or children in the home, defendant's sacrifice of career opportunities during the marriage, and defendant's capacity to become self-supporting (see, Domestic Relations Law § 236 [B] [6] [a] [1]-[6]).

We conclude that the court did not abuse its discretion in denying defendant's request for counsel fees and expert witness fees (see, Pejo v Pejo, 213 AD2d 918, 919, lv denied 85 NY2d 811). Finally, we reject the contention raised by plaintiff in his cross appeal. (Appeals from Amended Order and Judgment of Supreme Court, Yates County, Falvey, J.—Maintenance.) Present—Denman, P. J., Wisner, Pigott, Jr., Callahan and Fallon, JJ.